**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  07-cv-02503-REB-MJW

STEVEN A. STENDER and
INFINITY STREET OPERATING,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

JAMES A. CARDWELL,
ERNEST A. GERARDI, JR.,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK, III,
JOHN M. RICHMAN,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWNER,
MARK SCHUMACHER,
ALFRED G. NEELY,
ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
LEHMAN BOTHERS HOLDINGS INC, and
TISHMAN SPEYER DEVELOPMENT CORPORATION

      Defendants.

**ORDER RE: MOTIONS TO REOPEN AND TO AMEND COMPLAINT**

**Blackburn, J.**

      The primary matters before me are (1) **Plaintiffs' Motion To Reopen Case for**

**Good Cause** [#77][1] filed October 16, 2008; (2) **Plaintiffs' Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)** [#78], filed October 16, 2008; and (3) **Plaintiffs' Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Memorandum of Law in Support** [#87], filed December 12, 2008.[2] The motions have been fully briefed and are ripe for review. I grant the motion to reopen, grant in part and deny in part the motion for relief from judgment under Fed.R.Civ.P. 60(b), and grant the motion to amend the complaint.

## I. JURISDICTION

I have subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act).

## II. STANDARD OF REVIEW

Plaintiffs' various motions implicate separate standards of review. Pursuant to D.C.COLO.LCivR 41.2, a case that previously was administratively closed may be reopened for good cause shown. Good cause may consist of grounds showing that reconsideration or other relief from judgment is warranted. *See Peralta v. American Home Assurance Co.*, 2008 WL 4183494 at *1 (D. Colo. Sept. 8, 2008)*.*           .

Although plaintiffs' motion for relief from judgment is brought pursuant to Fed.R.

---

[1] "[#77]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] In addition, plaintiffs have filed (1) **Plaintiffs' Motion for Leave To Filed Corrected Reply Brief in Further Support of Motion for Leave to File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Certification Pursuant to D.C.COLO.LCivR 7.1 A** [#98] filed February 24, 2009; and (2) **Plaintiffs' Motion To Supplement Record in Further Support of Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Certification Pursuant to D.C.COLO.LCivR 7.1 A** [#99] filed April 20, 2009. I grant these motions as well.

Civ. P. 60(b), Rule 60(b) is not applicable to an order staying and closing a case administratively, such as was done here. *Id.*[3] Accordingly, plaintiffs' motion is more appropriately construed as a motion to reconsider under Fed.R.Civ.P. 59(e). *Id.* The bases warranting reconsideration under Rule 59(e) are limited to (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

Finally, pursuant to Fed.R.Civ.P. 15(a), a party may amend its pleading once as a matter or course before being served with a responsive pleading. Otherwise, leave to amend a pleading "shall be freely given when justice so requires." **FED.R.CIV.P.** 15(a). Grounds for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." ***Beerheide v. Zavaras***, 997 F.Supp. 1405, 1409 (D. Colo. 1998).

### III. ANALYSIS [4]

This case is a putative class action lawsuit alleging breach of contract and breach of fiduciary duty in connection with the May, 2007, merger of the Archstone

---

[3] The order from which plaintiffs seek relief only mandated that any final judgment filed in the future should include a dismissal with prejudice of the claims therein discussed, but did not itself dismiss the claims.

[4] The facts of this case are set forth in full in Judge Nottingham's **Order and Memorandum of Decision** [#76] entered September 30, 2008. For the purposes of clarity, I present merely a *précis*.

Smith Trust (the "Archstone REIT")[5] and the Archstone Operating Trust (the "Archstone UPREIT"),[6] on the one hand, and Lehman Brothers Holding, Inc. ("Lehman") and Tishman Speyer Development Corporation ("Tishman"), on the other. The Archstone REIT, which engaged primarily in the acquisition, development, operation, and ownership of apartment communities, held a majority interest in the Archstone UPREIT, which had been created through the execution of a declaration of trust that provided for the issuance of limited partnership interests in the Archstone UPREIT, known as "A-1 units."

Pursuant to the merger agreement between the Archstone entities and Lehman and Tishman, all holders of A-1 units could exchange their units for either cash, newly-issued partnership interests in the post-merger entity (called "series O" units), or a combination of the two. Plaintiffs, both former A-1 unit holders, claim that A-1 unit holders who took the cash buyout option were forced to realize capital gains and pay taxes thereon, thus decreasing or defeating the tax advantages of the original A-1 units. As for A-1 unit holders who took the conversion option, plaintiffs claim they now may only redeem the converted series O units for a fixed amount of cash, subject to certain restrictions, thereby decreasing or defeating the liquidity of the original A-1 units. Further, in comparison to A-1 unit holders, series O unit holders are protected by fewer

---

[5] Real estate investment trusts, or "REITs," are tax-managed business entities that own and manage income-producing real estate. Generally, REITs do not pay federal corporate income tax. Only the individual REIT investors pay tax on dividends received and any attendant capital gains.

[6] Umbrella partnership real estate investment trusts, or "UPREITS," are partnerships, usually created among sponsors who form a partnership and donate property to it and a business entity (usually a REIT) that contributes cash in exchange for a partnership interest.

4

anti-dilution measures, subject to less favorable financial terms, and entitled to fewer financial reports from management. Finally, plaintiffs claim that all former A-1 unit holders were denied a final dividend payment that would be warranted and payable but for a suspension under the merger agreement.

Plaintiffs filed their original complaint on November 30, 2007, alleging claims for (1) breach of contract as against the Archstone REIT and the Archstone UPREIT; (2) breach of fiduciary duty by majority shareholder oppression as against the Archstone REIT, Tishman, Lehman, and the individual defendants;[7] and (3) breach of the fiduciary duty not to engage in self-dealing as against the Archstone REIT, Tishman, Lehman, and the individual defendants.[8] Ruling on defendants' motion to stay (*see* **Defendants' Motion To Stay or To Dismiss in Favor of Arbitration and To Dismiss for Failure To State a Claim** [#29], filed January 29, 2008), former Chief Judge Nottingham ordered the parties to arbitrate the claim for breach of contract, to the extent such claim pertained to any alleged breach of the tax-deferral provisions in the declaration of trust. He stayed the remainder of the action pursuant to D.C.COLO.LCivR 41.2, and ordered that any final judgment in this case would dismiss with prejudice plaintiffs' claim breach of contract, to the extent the claims involved "breach of any alleged dividend or liquidity provisions" of the declaration of trust or breach of any rights derived from any source other than the declaration of trust, as well as their claims for breach of fiduciary duty.

---

[7] The individual defendants are officers, directors, and trustees of the Archstone REIT and/or the Archstone UPREIT.

[8] Of the individual defendants named in the original complaint, James A. Cardwell and John M. Richman have been dismissed from the case, a fact reflected in the proposed amended complaint.

Plaintiffs now seek to reopen the case and amend the prior order so as to dismiss their non-arbitrable claims without prejudice. Plaintiffs assert that Judge Nottingham's decision to prospectively dismiss their claims with prejudice was clearly erroneous and resulted in manifest injustice in that it left them without an opportunity to attempt to rectify the pleading deficiencies by amending their complaint. I agree with plaintiffs that their exists good cause to reopen this case to provide for dismissal of plaintiffs' non-arbitrable claims without prejudice so that they may amend their complaint in an attempt to state viable claims.

As Judge Nottingham noted several times in his order, it is difficult to distill the precise nature of the contentions of plaintiffs' original complaint. Nevertheless, I see no error in Judge Nottingham's conclusion that plaintiffs' claim for breach of contract centers on the Archstone REIT and the Archstone UPREIT's alleged violation of contribution and partnership agreements that allegedly resulted in adverse tax consequences for plaintiffs and a loss of their liquidity rights. Judge Nottingham found that the declaration of trust's mandatory arbitration clause applied to any dispute arising out of (1) the "sale, exchange, transfer" or other disposition of any tax-managed properties in the Archstone UPREIT that "would cause [an A-1 unit holder] to recognize part or all of the gain" that would normally be recognizable on a fully taxable disposition of such property; or (2) "[a]ny merger or consolidation involving the [Archstone UPREIT] . . . that results in [an A-1 unit holder] being required to recognize all or part of the gain" that would normally be recognizable on a fully taxable disposition of the Archstone UPREIT-held properties. Accordingly, he ordered the parties to arbitrate the breach of

contract claim to the extent it referenced "adverse tax consequences" and, thereby, any alleged breach of any tax deferral provisions contained within the declaration of trust. I find no clear error or manifest injustice in this portion of the decision. Therefore, this aspect of the order must remain intact.

Having found that portion of plaintiffs' suit subject to arbitration, Judge Nottigham ordered the remainder of the claims stayed. However, he further found that plaintiffs failed to state viable claims for relief as to these remaining claims. He, therefore, prospectively ordered that at the time final judgment was entered, such claims would be dismissed with prejudice. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Association***, 891 F.2d 1473, 1480 (10th Cir. 1989) (court may dismiss with prejudice any complaint that fails to comply with requirement of Fed.R.Civ.P. 8(a)(2) to provide a "short and plain statement of the claim" if claim could be dismissed under Rule 12(b)(6)). Plaintiffs claim that this constitutes error and that the prospective dismissal should have been without prejudice to allow them an opportunity to amend their complaint. I examine each of the remaining claims to determine whether they were properly dismissed and whether such dismissal was appropriately found to be with prejudice.

First, Judge Nottingham found that to the extent that plaintiffs' breach of contract claim pertained to loss of liquidity rights or arose out of any contract other than the declaration of trust, those claims should be dismissed with prejudice. I note first that plaintiffs' original complaint is prolix and imprecise. There is no clarification as to which liquidity rights have been lost, what agreements gave rise to such rights, or what actions

constituted a breach of any such agreements.  Accordingly, I find no clear error in Judge Nottingham's conclusion that despite the quantity of information provided, the quality thereof was insufficient to state a claim or to allow defendants an opportunity to respond competently.  Dismissal of the non-tax-related aspect of the breach of contract claim as set forth in the original complaint therefore was entirely appropriate.

Yet despite plaintiffs' imprecision and ambiguity, I cannot say with certainty that they can assert no plausible claim for relief based on this theory.  Because plaintiffs may be able to correct the referenced pleading defects, the claim should have been ordered dismissed without prejudice.  ***See Powell Duffryn Terminals, Inc. v. CJR Processing, Inc.***, 808 F. Supp. 652, 655 (N.D. Ill. 1992).

Judge Nottingham also dismissed with prejudice plaintiffs' second claim, for breach of fiduciary duty through majority shareholder oppression, for failure to allege that the majority shareholders acted ultra vires, illegally, or in bad faith.  ***See Homer v. Crown, Cork & Seal Co.***, 141 A. 425, 434-44 (Md. 1928) (setting forth pleading requirements for majority shareholder oppression claims).  It is beyond dispute that "minority shareholders are entitled to protection against fraudulent or illegal action of the majority," and that claims for majority shareholder oppression may be brought directly. ***Mona v. Mona Electric Group, Inc.***, 934 A.2d 450, 464 (Md. App. 2007); ***see also Twenty Seven Trust v. Realty Growth Investors***, 533 F.Supp. 1028, 1039 n.22 (D. Md. 1982).  Accordingly, dismissal was based on a potentially reparable pleading defect, and because I cannot definitively find that the pleading defects cannot be rectified, the claim should have been ordered dismissed without prejudice.  ***See Powell***

***Duffryn Terminals***, 808 F.Supp. at 655

With respect to plaintiffs' third claim, for breach of fiduciary duty by self-dealing by the trustees in connection with approving the merger, Judge Nottingham found that plaintiffs lacked standing to bring direct shareholder claims for any alleged managerial or fiduciary misdeeds, including self-dealing, during the merger.  The decision to dismiss this claim with prejudice was appropriate.  As Judge Nottingham pointed out, claims for breach of fiduciary duty may only be brought derivatively on behalf of a business entity that suffered harm, unless individual shareholder plaintiffs can establish that they suffered "an injury that is separate and distinct from any injury suffered either directly by the corporation or derivatively by the stockholder because of the injury to the corporation."  ***Mona***, 934 A.2d at 465 (citation omitted).  Any alleged harm plaintiffs suffered concerning the value, liquidity, or tax burden of the A-1 units was necessarily derivative of harm suffered by the Archstone UPREIT, because the alleged harm is, by nature, a diminution in the value of the Archstone UPREIT's equity units.  Moreover, as Judge Nottingham found, any direct claims plaintiffs might have against the Archstone REIT arising out of a breach of shareholder rights – such as the right to vote for or against the merger, to vote as a class, or to demand legal advice – would sound in contract, not tort, and, therefore, were not appropriately brought as breach of fiduciary duty claims.

Accordingly, Judge Nottingham correctly concluded that plaintiffs could not bring direct claims against defendants for any breach of fiduciary duty with regard to management of the merger as a matter of law and dismissed the claims with prejudice.

I find no clear error or injustice in that conclusion and, therefore, leave it undisturbed. Plaintiffs' third claim, for breach of fiduciary to the extent it arises as a direct claim based on self-dealing, was properly dismissed with prejudice.

Finally, plaintiffs seek leave to file an amended complaint.[9] They have tendered a proposed amended complaint.[10] As noted above, a party may amend its pleading once as a matter or course before being served with a responsive pleading. **FED.R.CIV.P.** 15(a). Because neither a motion to dismiss, *see Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985), nor a motion to stay, *see* **FED.R.CIV.P.** 7(a) (defining "pleadings"), is a responsive pleading, and because this is plaintiffs' first attempt to amend the complaint, they are entitled to amend their complaint without leave of court.[11] However, I decline to accept the tendered complaint, as it is not in compliance with this Order.[12] Moreover, because I have discretion to stay the resolution of the non-arbitrable

---

[9] The proposed amended complaint alleges claims for (1) breach of the declaration of trust; (2) breach of contribution agreements entered into by certain predecessor entities of the Achstone REIT and UPREIT; (3) a declaratory judgment that the Archstone REIT and UPREIT have breached the declaration of trust; (4) a declaratory judgment that the arbitration clause contained in the declaration of trust is null and void because of impossibility of performance; (5) breach of fiduciary duty through majority shareholder oppression; and (6) breach of trustee's fiduciary duties.

[10] I note that the tendered amended complaint is even more prolix than the original complaint, and only slightly less imprecise. Plaintiffs should make every effort to clearly and concisely state their claims in filing the amended complaint contemplated by this order.

[11] Even if leave of court were required, I do not accept defendants' arguments that amendment was unduly delayed and would be futile in any event. Plaintiffs moved to amend came within two weeks of Judge Nottingham's order. Further, echoing my foregoing analysis, neither defendants nor I can say with certitude that plaintiffs cannot assert viable claims as to those claims that have not been ordered dismissed without prejudice. Moreover, defendants make no allegation that they themselves will suffer undue prejudice from an amendment or that plaintiffs acted in bad faith in seeking to amend. *See Beerheide,* 997 F.Supp. at 1409.

[12] The tendered amended complaint contains claims that are clearly forbidden by this order, such as a direct claim for breach of fiduciary duty based on managerial conduct during the merger and a claim for tax-based breach of contract.

claims pending arbitration, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983), I will again administratively close this case, contemplating that plaintiffs may seek leave to reopen to file a compliant complaint after arbitration is completed.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Reopen Case for Good Cause** [#77], filed October 16, 2008, is **GRANTED**;

2. That **Plaintiffs' Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)** [#78], filed October 16, 2008, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** as to plaintiffs' breach of contract claim to the extent the claim does not involve allegations concerning breach of tax-deferral provisions in the declaration of trust, and that Judge Nottingham's **Order and Memorandum of Decision** [#76], filed September 30, 2008, is **AMENDED** to reflect that this aspect of the breach of contract claim shall be **DISMISSED WITHOUT PREJUDICE** at the time final judgment is entered;

   b. That the motion is **GRANTED** as to plaintiffs' breach of fiduciary duty claim, to the extent the claim pertains to oppression of minority shareholders by majority shareholders, and that Judge Nottingham's **Order and Memorandum of Decision** [#76] filed September 30, 2008, is **AMENDED** to reflect that this claim shall be **DISMISSED WITHOUT PREJUDICE** at the time final judgment is

entered; and

    c.    That the motion is **DENIED** otherwise;

3. That **Plaintiffs' Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Memorandum of Law in Support** [#87] filed December 12, 2008, is **GRANTED**, but that the tendered amended complaint is not accepted for filing;

4. That **Plaintiffs' Motion for Leave To File Corrected Reply Brief in Further Support of Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Certification Pursuant to D.C.COLO.LCivR 7.1 A** [#98] filed February 24, 2009, is **GRANTED**;

5. That **Plaintiffs' Motion To Supplement Record in Further Support of Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Certification Pursuant to D.C.COLO. LCivR 7.1 A** [#99] filed April 20, 2009, is **GRANTED**;

6. That this case is **STAYED** pending arbitration of the arbitrable claims;

7. That on completion of arbitration, plaintiffs may file an amended complaint that complies with the requirements of this order; and

8. That pursuant to D.C.COLO.LCivR 41.2, the Clerk of the Court is **DIRECTED** to administratively close this case, subject to reopening for good cause shown.

Dated September 28, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge