**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02503-REB-MJW

STEVEN A. STENDER and
INFINITY STREET OPERATING,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

JAMES A. CARDWELL,
ERNEST A. GERARDI, JR.,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK, III,
JOHN M. RICHMAN,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWNER,
MARK SCHUMACHER,
ALFRED G. NEELY,
ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
LEHMAN BOTHERS HOLDINGS INC, and
TISHMAN SPEYER DEVELOPMENT CORPORATION

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER
PURSUANT TO FED.R.CIV.P. 59(E)**

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)** [#102] filed October 9, 2009.  I deny the motion.[1]

## I. JURISDICTION

I have subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act).

## II. STANDARD OF REVIEW

The bases for granting a motion for reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed to advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

## III. ANALYSIS

The facts have been set forth fully in prior orders in this case and need not be repeated at length here.  Plaintiffs in this putative class action lawsuit assert, *inter alia*, that defendants breached a contract – to wit, a declaration of trust creating an UPREIT.  Former Chief Judge Nottingham previously ordered the parties to arbitrate the claim for breach of contract, to the extent such claim pertained to breach of any tax-deferral agreements.  (*See* **Order and Memorandum of Decision** [#76], filed September 30,

---

[1] I exercise my prerogative pursuant to Local Rule and determine on this motion without benefit of a response.  *See* **D.C.COLO.LCivR** 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

2

2008.) On September 28, 2009, I granted in part plaintiffs' motion for reconsideration of that Order. Therein, although I found that some of plaintiffs' claims should have been dismissed without prejudice, I expressly left intact Judge Nottingham's order to arbitrate the breach of contract claim. Moreover, although I granted plaintiffs leave to amend their complaint, I refused to accept the proposed amended complaint tendered with their motion. Instead, I ordered the case stayed and administratively closed pending arbitration of the arbitrable claims, after which time plaintiffs might seek leave to reopen for good cause. (*See* **Order Re: Motions To Reopen and To Amend Complaint** [#101] filed September 28, 2009.)

Plaintiffs now move for reconsideration of that Order, arguing that I mistakenly based my decision on their original complaint, rather than on their proposed amended complaint, in which they assert non-arbitrable breach of contract claims. Although I recognize plaintiffs' tenacity, their argument is fatally flawed both in form and in substance.

Procedurally, plaintiffs attempt to place the proverbial cart before the horse. Plaintiffs fail to acknowledge that I expressly rejected the tendered proposed amended complaint on which their present motion relies. I have found no authority, and plaintiffs have cited none, that requires me to peruse a proposed pleading that has been rejected expressly to discern whether it states viable, let alone arbitrable, claims. Plaintiffs' motion is subject to denial on this basis alone.

However, and even if I were to consider the tendered and rejected amended complaint, plaintiffs' motion fails substantively as well. In both the original complaint

3

and the proposed amended complaint, plaintiffs implicitly and explicitly allege a breach of Section 2 of Exhibit D to Annex A of the Declaration of Trust ("Section 2").[2]  The proposed amended complaint also adds claims for breach of contract related to other sections of the Declaration of Trust, as well as to other contracts.  Perhaps mistaking supplementing for supplanting, plaintiffs posit that adding such allegations somehow defeats Judge Nottingham's and my orders to arbitrate.  It does not.

As has been repeatedly noted in this case, Section 2 sets forth restrictions on the disposition of UPREIT-held properties, including a tax-based restriction.  Section 2 requires the UPREIT

> not to directly or indirectly sell, exchange, transfer, or otherwise dispose of any [UPREIT-held property] or any interest therein . . . to the extent that such disposition would cause [a shareholder] to recognize all or part of the gain that would have been recognized for federal income tax purposes upon a fully taxable disposition of one or more [UPREIT-held properties].

(**Defendants' Motion To Stay or To Dismiss in Favor of Arbitration and To Dismiss for Failure to State a Claim**, App., Ex. A, Part 4, at 15-16 [#29] filed January 29, 2008.) As is particularly relevant in the instant case, pursuant to the terms of the Declaration of Trust, this restriction applies to any disposition of property that might occur in a merger involving the UPREIT or any of its subsidiaries.

---

[2]  In their initial complaint, plaintiffs inartfully alleged a vague breach resulting in "adverse tax consequences." (**Class Action Complaint** [#1] filed Nov. 30, 2007.)  In the tendered proposed amended complaint, plaintiffs alleged breach by alteration of "their tax-deferral rights as set forth in Section 2 to Exhibit A of the Annex [sic]."  (**See Plaintiffs' Motion for Leave To File Amended Complaint Pursuant to Fed.R.Civ.P. 15(a) and Memorandum of Law in Support**, App., Exh. A [#87] filed Dec. 12, 2008.)

As also has been repeatedly noted in this case, the Declaration of Trust further contains a mandatory arbitration clause to be applied to any dispute arising out of a breach of Section 2.  Section 4 of Exhibit D to Annex A of the Declaration of Trust ("Section 4") mandates that in the event of a breach of Section 2, the shareholders and UPREIT must negotiate in good faith to resolve any disputes.  If no such resolution is reached, the shareholders and UPREIT "shall jointly retain a nationally recognized independent accounting firm [] to act as an arbitrator to resolve as expeditiously as possible all points of any such disagreement," including whether a breach has occurred and the amount of any damages owed.  As per the terms of Section 4, the parties have agreed that any determinations made by the arbitrator "shall be final, conclusive and binding."

Thus, regardless whether the proposed amended complaint adds claims for breach of other sections of the Declaration of Trust and/or claims for breach of other contracts, and regardless whether those additional claims are arbitrable *vel non*, plaintiffs' claim for breach of Section 2 – as contained in both the original complaint and the proposed amended complaint – remains subject to arbitration.  Accordingly, plaintiffs' motion for reconsideration must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion for Reconsideration Pursuant to Fed.R.Civ.P. 59(e)** [#102] filed October 9, 2009, is **DENIED**.

Dated October 20, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

5