**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, on behalf of themselves and all others similarly situated,

    Plaintiffs,
v.

ARCHSTONE-SMITH OPERATING TRUST, et al.,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN AND DENYING PLAINTIFFS' MOTION FOR A DECLARATORY ORDER**

---

Plaintiffs bring this class action complaint against Defendants Archstone-Smith Operating Trust and the Archstone-Smith Trust (together "Defendants"[1]).  The Court previously concluded that some of Plaintiffs' claims were subject to an arbitration clause and administratively closed this action pending arbitration.  (ECF Nos. 114 & 159.)

On September 7, 2012, Plaintiffs filed a Motion to Reopen Case for Good Cause Shown.  (ECF No. 164.)  Defendants do not oppose Plaintiffs' Motion to Reopen.  (ECF No. 171 n.1.)  The Court finds that Plaintiffs have shown good cause and, accordingly, Plaintiffs' Motion to Reopen is granted.  This action is reopened for the limited purpose of ruling on Plaintiffs' Motion for Declaratory Order, discussed below.

---

[1] Plaintiffs' Amended Complaint names a number of additional Defendants.  (ECF No. 151.)  However, the instant Motions appear to only affect the Archstone Defendants and only the Archstone Defendants have filed an opposition to the Motion.  Therefore, for purposes of the instant Motion, the Court's reference to "Defendants" shall refer only to the Archstone Defendants.

Also on September 7, 2012, Plaintiffs filed a Motion for a Declaratory Order Preventing Release of Class Members' Claims ("Motion"). (ECF No. 166.) At the heart of the above-captioned action is a 2007 transaction in which Defendants, who are both Real Estate Investment Trusts ("REIT"), merged with another REIT. (Am. Compl. (ECF No. 151) ¶ 1.) As part of that merger, Plaintiffs, who were shareholders in the Archstone REITs before the merger, were given the option to either take a cash payout for each share of the Archstone REIT or have their share converted to a "Series O" share of the new entity. (*Id*. ¶ 90.) The instant Motion pertains only to those Plaintiffs that opted to convert their shares to Series O shares.

The 2007 Merger Agreement provided that Series O Shareholders could not redeem their shares for five years after the closing date; five years from the closing date is October 5, 2012. (ECF No. 167-1 at 31; 167 at 6.) The Merger Agreement also states that, if a Series O Shareholder wishes to redeem his or her shares, the Shareholder agrees to the following:

> As a condition to exercising the Preferred Redemption Right, and any such exercise shall only be effective if concurrently with such exercise, Holders of Series O Preferred Units shall agree, without additional consideration, to release, with respect to all Series O Preferred Units owned directly by the Holder, the Trust and its respective former, current or future general or limited partners, stockholders, managers, members, directors, officers, Affiliates, agents or representatives from any claims under any Tax Protection Agreement with respect to any income or gain that is recognized as a result of such Holders' sale of Series O Preferred Units to the Trust pursuant to the Preferred Redemption Right and receipt of the Redemption Price. In no event shall a Holder be required to waive any claim that it had under any Tax Protection Agreement with respect to or as a result of (a) any transaction or event occurring prior to the closing of the Redemption Date, whether or not asserted

> at the Redemption Date, or (b) if the Holder does not have all of the Series O Preferred Units owned by such Holder redeemed, events occurring on or following the Redemption Date that cause such Holder to recognize income or gain for federal, state or local income tax purposes with respect to its Series O Preferred Units not redeemed on such Redemption Date.

(ECF No. 167-1 at 32-33.) The Court will refer to the above-quoted passage as the "Waiver Provision".

Plaintiff contends that the Waiver Provision affects their claims in the above-captioned litigation because the tax consequences of the redemption are an aspect of the damages that flow from the 2007 merger and, therefore, damages which they are entitled to recover if they prevail in this action. Plaintiffs argue that, if the Court does not intervene, a Series O Shareholder who chooses to redeem his or her shares will be unfairly forced to waive a portion of their damages. (ECF No. 172.) Plaintiffs ask the Court to prevent Defendants "from seeking or obtaining releases of claims in connection with the redemption of Series O Units" or, in the alternative, issue a declaratory order "prohibiting Defendants from requiring such releases until sixty days after the issuance to and service on Series O Unitholders a Court-approved notice advising the Unitholders of the claims in this litigation and precisely which of those claims they would potentially be forfeiting if they signed a release as a condition of redeeming their Series O Units." (*Id*. at 2.) Defendants argue that the Waiver Provision is not relevant to this case and does not affect Plaintiffs' claim asserted here. (ECF No. 171 at 7.)

The Court finds that it need not determine whether the Waiver Provision would substantively affect Plaintiffs' claims in this case. In Defendants' Response in

Opposition to Plaintiffs' Motion for a Declaratory Order, Defendants state: "Archstone represented to Plaintiffs' counsel, and it represents to this Court, that the release that is the subject of the Motion—the release that those choosing Series O agreed to in 1007 before this lawsuit was filed—does not apply to this case. The Archstone Defendants will not assert the release at issue as a defense to any claim in the Amended Class Action Complaint, dated April 4, 2011." (ECF No. 171 at 3.) The Court accepts Defendants' representation set forth above and, therefore, finds that the Waiver Provision will not affect Plaintiffs' claims or the scope of their damages in this litigation. Because the Waiver Provision will not affect Plaintiffs' rights in this case, the Court finds it unnecessary to prevent Defendants from seeking release in connection with the redemption process or to require that notice be provided to the purported class before the redemption date.

As the Court has accepted Defendants' position regarding the non-applicability of the Waiver Provision to this action and relied on such representation in making this ruling, the doctrine of judicial estoppel will preclude Defendants from taking any inconsistent position with regard to the Waiver Provision at a later point in the litigation. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Reopen Case for Good Cause (ECF No. 164) is GRANTED;
2. This case is REOPENED for the limited purpose of ruling on Plaintiffs' Motion for a Declaratory Order;

3. Plaintiffs' Motion for a Declaratory Order Preventing Release of Class Members' Claims (ECF No. 166) is DENIED; and

4. This action is ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2. The parties are granted leave to move to reopen the case upon a showing of good cause once arbitration is complete.

Dated this 2nd day of October, 2012.

BY THE COURT:

William J. Martinez
United States District Judge