**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, on behalf of themselves and all others similarly situated,

    Plaintiffs,
v.

ARCHSTONE-SMITH OPERATING TRUST, et al.,

    Defendants.

## ORDER DENYING PLAINTIFFS' REQUEST FOR EMERGENCY HEARING

In this breach of contract case, the Court previously concluded that some of Plaintiffs' claims were subject to an arbitration clause and administratively closed this action pending arbitration. (ECF Nos. 114 & 159.) On February 14, 2013, Plaintiffs filed a Motion to Reopen Case for Good Cause and for Expedited Hearing. (ECF No. 174.) Plaintiffs contend that the parent company of Defendant Archstone-Smith Operating Trust ("Archstone")—Lehman Brothers Holding, Inc. ("LBHI")—has entered into a contract to sell Archstone to Equity Residential Properties and Avalon Bay, Inc. and that such sale is scheduled to close on March 1, 2013. (*Id.* at 2.) Plaintiffs ask the Court to reopen this case "immediately in order to consider Plaintiffs' Motion for Judicial Intervention to Defendants' transfer of assets that are the subject of this litigation." (*Id.* at 5.)

Plaintiffs also ask the Court to set an expedited hearing on the pending motions. (*Id.* at 6.) However, the Court finds that Plaintiff has not established good cause for

such emergency treatment.  Plaintiffs' Motion represents that the agreement to sell Archstone was entered into on November 26, 2012, with a closing date of March 1, 2013.  (*Id*. at 2.)  It is unclear when Plaintiffs learned of the agreement to sell Archstone.  Given the fact that Plaintiffs and Archstone have been involved in an active arbitration with respect to this case, the Court finds it difficult to believe that Plaintiffs and/or their counsel only recently learned of the pending transaction.

Plaintiffs have a history in this case of waiting until just before a deadline to seek intervention from the Court.  For example, in fall 2012, Plaintiffs filed a similar request to reopen for the purpose of resolving an issue related to a redemption date for certain categories of stock.  Although the redemption date of October 5, 2012 had been set for nearly five years, and Plaintiffs were aware that this redemption date was approaching, Plaintiffs waited until September 7, 2012 to ask the Court to intervene.  (ECF Nos. 164-67.)  In that instance, the Court granted Plaintiffs' request for an expedited briefing schedule and gave this case immediate attention in order to resolve the dispute in advance of the October 5, 2012 deadline.  (ECF No. 173.)

With respect to the instant Motion, despite the fact that the contract to sell Archstone was executed on November 25, 2012, Plaintiffs waited to file their request for Court intervention until two weeks before the transaction is scheduled to close.  Thus, Plaintiffs have once again needlessly created a situation whereby the Court, in order to resolve the Motion before the sale closes, would need to set an expedited briefing schedule and give this case its immediate attention.  However, the Court declines to follow that route this time around.  Bad planning and/or negligence on the part of Plaintiffs and their counsel does not constitute an emergency for the Court.

Accordingly, Plaintiffs' Motion for Expedited Hearing (ECF No. 174) is DENIED. The Motion to Reopen (ECF No. 174) remains pending and will be considered by the Court in due course after it is fully briefed pursuant to the briefing schedule outlined in Local Rule 7.1(C).

Dated this 15th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge