**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, on behalf of themselves and all others similarly situated,

    Plaintiffs,
v.

ARCHSTONE-SMITH OPERATING TRUST, et al.,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN**

---

On May 18, 2011, the Court administratively closed this action pending arbitration of certain claims. (ECF No. 159; *see also* ECF Nos. 76, 101, 103, and 114.) The Court ordered that the parties could move to reopen this case upon a showing of good cause once arbitration is complete. (*Id*.) Pursuant to the Court's Orders, the parties conducted the arbitration before the Arbitrator jointly retained by the parties, Hon. Bruce W. Kauffman, former Judge of the United States District Court for the Eastern District of Pennsylvania. (ECF No. 183.) On March 8, 2013, Judge Kauffman rendered his final award in Defendant Archstone's favor. (*Id*.)

Before the Court are the following motions: (1) Plaintiffs' Motion to Reopen Case for Good Cause (ECF No. 180); and (2) Defendant Archstone's Motion to Reopen Case for Good Cause to Confirm Arbitration Final Award in Archstone's Favor (ECF No. 183). Both Motions seek to reopen the case but vary in the purpose behind the reopening; Defendant seeks to reopen for the limited purpose of confirming the arbitration award

while Plaintiff seeks to reopen the case in its entirety.

The Court previously ruled that Count One of Plaintiff's original Complaint (ECF No. 1) was subject to the arbitration clause contained in the Declaration of Trust, at least to the extent such claim pertained to any alleged breach of the tax-deferral provisions in the Declaration of Trust. (ECF No. 76 at 20-22.) The Court then dismissed all of Plaintiffs' other claims with prejudice but, upon reconsideration, ruled that Plaintiffs would be permitted to file an amended complaint to restate their other claims. (ECF No. 101.) Plaintiff then filed an Amended Complaint which contains additional causes of action which were not subject to arbitration. (ECF No. 151.) Regardless of whether the Court confirms the arbitrator's decision or not, these additional causes of action remain pending in this case. Therefore, the Court finds good cause to reopen the case in its entirety.

Accordingly, the Court ORDERS as follows:

1. Defendant Archstone's Motion to Reopen Case for Good Cause to Confirm Arbitration Award (ECF No. 183) is DENIED;

2. Plaintiffs' Motion to Reopen Case for Good Cause (ECF No. 180) is GRANTED;

3. The Clerk shall reopen this action and the parties shall contact Magistrate Judge Michael J. Watanabe to set up whatever scheduling or status conference the Judge deems necessary to assist with moving this case forward;

4. Plaintiffs' prior Motion to Reopen Case for Good Cause and for Expedited Hearing (ECF No. 174) is DENIED as MOOT;

5. Plaintiffs' Motion for Ruling on Request for Judicial Intervention (ECF No. 175) is DENIED as MOOT; and

6. Plaintiffs' Motion for Reconsideration (ECF No. 177) is DENIED AS MOOT.

Dated this 2nd day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge