IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, HAROLD SILVER and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST;
ARCHSTONE-SMITH TRUST;
ERNEST A. GERARDI, JR.;
RUTH ANN M. GILLIS;
NED S. HOLMES;
ROBERT P. KOGOD;
JAMES H. POLK, III;
JOHN C. SCHWEITZER;
R. SCOT SELLERS;
ROBERT H. SMITH;
STEPHEN R. DEMERITT;
CHARLES MUELLER, JR.;
CAROLINE BROWER;
MARK SCHUMACHER;
ALFRED G. NEELY;
TISHMAN SPEYER DEVELOPMENT CORPORATION;
RIVER HOLDING, LP; RIVER ACQUISITION (MD), LP;
RIVER TRUST ACQUISITION (MD), LLC; and
ARCHSTONE MULTIFAMILY SERIES I TRUST;

Defendants.

---

**ORDER REGARDING
SCHEDULING PROCEDURE
AND
PLAINTIFFS' MOTION PURSUANT TO D.C.COLO.CIVR 7.2 (DOCKET NO. 204)**

---

Entered by U.S. Magistrate Judge Michael J. Watanabe

   This matter was before the court on May 8, 2013 for Status Conference and Hearing on the Plaintiffs' Motion Pursuant to D.C.COLO.LCivR 7.2 (docket no. 204)

consistent with Judge Martinez's Order Granting Plaintiffs' Motion to Reopen (docket no. 188). The court has considered Plaintiffs' Status Report (docket no. 212) and Defendants' Status Report and Proposed Schedule (docket no. 213). In addition, the court has considered Plaintiffs' Motion Pursuant to D.C.COLO.LCivR 7.2 (docket no. 204) and the response (docket no. 215) thereto. Moreover, the court has taken judical notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered additional oral argument by the parties. The court now being fully informed makes the following findings of fact, conclusions of law and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case has a tortured history. The docket is now up to 216 entries. The Complaint (docket no. 1) was filed on November 30, 2007. Pursuant to D.C.COLO.LCivR 40.1, former Chief District Court Judge Edward W. Nottingham was drawn as the Article III Judge assigned to this case and I was drawn as the Magistrate Judge. On December 3, 2007, Chief Judge Nottingham entered a General Case Management Order and Order of Reference to United States Magistrate Judge (docket no. 2).

On September 30, 2008, Chief Judge Nottingham granted Defendants' Motion to Stay the arbitrable tax-related claim, dismissed the other breach of contract claim, dismissed with prejudice all remaining claims, and administratively closed the case. See Stender v. Gerardi, 2008 WL 4452117, at *21 (D. Colo. Sept. 30, 2008).

On November 5, 2008, Judge Robert Blackburn was reassigned as the presiding judge on this case due to the resignation of Chief Judge Nottingham from this court. See docket no. 70.

On February 9, 2011, this case was again reassigned to Judge William J. Martinez upon his recent appointment to this court. See docket no. 131. It should be noted that the only constant judicial officer that has been assigned to this case since its inception to the present is Magistrate Judge Watanabe. Upon being reassigned this case, Judge Martinez, who replaced Judge Blackburn, without reaching the merits, granted Plaintiffs' motion to amend their complaint. Stender v. Cardwell, 2011 WL 1235414, at *4 (D. Colo. Apr. 1, 2011) ("Stender V") (granting leave to amend because "Defendants [would] not be unduly prejudiced"). The Court allowed Plaintiffs to file an amended complaint adding the same securities claims that were dismissed in the Katz Litigation by then Chief Judge Wiley Y. Daniel. See Katz v. Geradi, 2010 WL 3034358, at *8 (D. Colo. Aug. 3, 2010) ("Katz III").

On August 25, 2011, the Tenth Circuit affirmed dismissal of the Katz action, finding, among other things, that Katz's Securities Act standing argument was "verbal alchemy." Katz v. Gerardi, 655 3d. 1212, 1223 (10th Cir. 2001) ("Katz IV").

That pursuant to Court's Orders, the parties conducted the arbitration before the Arbitrator jointly retained by the parties, the Honorable Bruce W. Kaufman, former judge of the United States District Court for the Eastern District of Pennsylvania. On March 8, 2013, Judge Kaufman rendered his final award in Archstone's favor ("Final Award").

On April 2, 2013, Judge Martinez entered his Order Granting Plaintiffs' Motion to Reopen (docket no. 188). This Order states, *in pertinent part*:

Accordingly, the Court [Judge Martinez] **ORDERS** as follows:

1. Defendant Archstone's Motion to Reopen Case for Good Cause to Confirm Arbitration Award (ECF No. 183) is DENIED;

2. Plaintiffs' Motion to Reopen Case for Good Cause (ECF No. 180) is GRANTED;

3. **The Clerk shall reopen this action and the parties shall contact Magistrate Judge Michael J. Watanabe to set up whatever scheduling or status conference the Judge deems necessary to assist with moving this case forward;**

4. Plaintiffs' prior Motion to Reopen Case for Good Cause and for Expedited Hearing (ECF No. 174) is DENIED as MOOT;

5. Plaintiffs' Motion for Ruling on Request for Judicial Intervention (ECF No. 175) is DENIED as MOOT; and

6. Plaintiffs' Motion for Reconsideration (ECF No. 177) is DENIED AS MOOT.

I find, based upon the written status reports (docket nos. 212 and 213) and oral argument presented during this hearing, that the parties have filed or intend on filing the following motions:

1. Plaintiffs' Motion to Set Aside the Protective Order Entered in Arbitration ("Protective Order Motion");

2. Defendant Archstone's Motion to Confirm the Arbitration Award ("Motion to Confirm"). This motion (docket no. 184) has been filed and the response (docket no. 186) has also been filed;

3. Plaintiffs' Motion to Vacate the Arbitration Award ("Motion to Vacate");

3

      4.      Plaintiffs' Motion for Leave to File an Amended Complaint; and

      5.      Plaintiffs' Motion Pursuant to D.C.COLO. LCivR 7.2 (docket no. 204) which has been filed. The response (docket no. 215) has also been filed.

Here, I find that it is unnecessary for Plaintiffs to file a motion to vacate the arbitration award. There is already pending Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) and Judge Martinez through his ruling on such motion will either confirm or vacate such arbitration award. The parties can seek, by motion, oral argument on this motion (docket no. 184) before Judge Martinez and in his discretion he will either grant or deny oral argument. I further find that in order to carry out the scope and purpose of Fed. R. Civ. P. 1 which calls for a *"... just, speedy, and inexpensive determination of every action and proceeding"* that Judge Martinez should rule on this motion (docket no. 184) first.

**If** Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) is **granted** by Judge Martinez, then Plaintiffs shall file their Motion to Amend the Complaint within 15 days after Judge Martinez **confirms** the Final Award. Defendant will have 30 days to respond to Plaintiffs' Motion to Amend the Complaint and Plaintiffs will have 15 days after the response is filed by Defendants to file their Reply. The parties can seek, by motion, oral argument on Plaintiffs' Motion to Amend the Complaint. Once filed, Judge Martinez, in his discretion, will either grant or deny oral argument on such motion. After Judge Martinez has rendered his decision on Plaintiffs' Motion to Amend the Complaint, the parties shall, within five business days of such ruling, contact Magistrate Judge Watanabe's chambers to set this case for a Status Conference. At this Status Conference, Magistrate Judge Watanabe will set a date certain by which Defendants shall file their Motion to Dismiss as to the Operative Complaint, Response date and Reply date.

**If** Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) is **denied** and the Arbitration Award is **vacated** by Judge Martinez then the parties shall, within five (5) business days of such ruling, contact Magistrate Judge Watanabe's chambers to set this case for a Status Conference. At this Status Conference, Magistrate Judge Watanabe will address the resetting of the Arbitration Hearing and issues concerning other motions pending or anticipated to be filed.

I find that this Court's previous February 27, 2008 Order Regarding Defendants' Motion to Stay Discovery and Further Pretrial Proceedings Pending Resolution of Threshold Issues (docket no. 50) should remain in effect, and discovery and other proceedings will remain stayed [except as outlined above] pursuant to that Order and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) (2006).

Lastly, I find that Plaintiffs' Motion Pursuant to D.C.COLO.LCivR 7.2 (docket no.

204) is premature and unnecessary at this time based upon the scheduling procedure this court will utilize from this point forward as outlined in this Order.  The Arbitration Protective Order specifically contemplates and permits the use of confidential arbitration materials for the purpose of confirming or challenging the arbitration final award.  See Memorandum in Support of Plaintiffs' Motion to Restrict Access at page 3 (docket no. 205) ***[The Arbitration Protective Order provides a limited exception to the blanket use restriction, in instances which a party seeks to challenge or modify an order entered by the Arbitrator. That limited exception, however, requires that such filings be made under seal.]***  Per this provision, the parties should file in this court any materials used in the Arbitration in support of or in opposition to Defendants Archstone's Motion to Confirm the Arbitration Award (docket no. 184) consistent with D.C.COLO.LCivR 7.2, but there is no need to set aside the Arbitration Protective Order.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

    1.    That Plaintiffs may not file a motion to vacate the arbitration award. There is already pending Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) and Judge Martinez through his ruling on such motion will either confirm or vacate such arbitration award.  The parties can seek, by motion, oral argument on this motion (docket no. 184) before Judge Martinez and in his discretion he will either grant or deny oral argument. The decision on this motion (docket no. 184) shall take place first.

        **If** Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) is **granted** by Judge Martinez, then Plaintiffs shall file their Motion to Amend the Complaint within 15 days after Judge Martinez **confirms** the Final Award.  Defendant will have 30 days to respond to Plaintiffs' Motion to Amend the Complaint and Plaintiffs will have 15 days after the response is filed by Defendants to file their Reply.  The parties can seek, by motion, oral argument on Plaintiffs Motion to Amend the Complaint.  Once filed, Judge Martinez, in his discretion, will either grant or deny oral argument on such motion.  After Judge Martinez has rendered his decision on Plaintiffs' Motion to Amend the Complaint, then the parties shall, within five (5) business days of such ruling, contact Magistrate Judge Watanabe's chambers to set this case for a Status Conference.  At this Status Conference, Magistrate Judge Watanabe will set a date certain by which Defendants shall file their Motion to Dismiss as to the Operative Complaint, Response date and Reply date.

**If** Defendant Archstone's Motion to Confirm the Arbitration Award (docket no. 184) is **denied** and the Arbitration Award is **vacated** by Judge Martinez then the parties shall, within five (5) business days of such ruling, contact Magistrate Judge Watanabe's chambers to set this case for a Status Conference.  At this Status Conference, Magistrate Judge Watanabe will address the resetting of the Arbitration Hearing and issues concerning other motions pending or anticipated to be filed.

That this Court's previous February 27, 2008 Order Regarding Defendants' Motion to Stay Discovery and Further Pretrial Proceedings Pending Resolution of Threshold Issues (docket no. 50) will remain in effect, and discovery and other proceedings will remain stayed [except as outlined above] pursuant to that Order and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) (2006).

2. That Plaintiffs' Motion Pursuant to D.C.COLO.CivR 7.2 (docket no. 204) is **DENIED**.

Done this 9th day of May 2013.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge