# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, HAROLD SILVER and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST;
ARCHSTONE-SMITH TRUST;
ERNEST A. GERARDI, JR.;
RUTH ANN M. GILLIS;
NED S. HOLMES;
ROBERT P. KOGOD;
JAMES H. POLK, III;
JOHN C. SCHWEITZER;
R. SCOT SELLERS;
ROBERT H. SMITH;
STEPHEN R. DEMERITT;
CHARLES MUELLER, JR.;
CAROLINE BROWER;
MARK SCHUMACHER;
ALFRED G. NEELY;
TISHMAN SPEYER DEVELOPMENT CORPORATION;
RIVER HOLDING, LP; RIVER ACQUISITION (MD), LP;
RIVER TRUST ACQUISITION (MD), LLC; and
ARCHSTONE MULTIFAMILY SERIES I TRUST;

Defendants.

## ORDER REGARDING

## [PLAINTIFFS']  MOTION PURSUANT TO D.C.COLO.CIVR 7.2 (D)
## (DOCKET NO. 222)

Entered by U.S. Magistrate Judge Michael J. Watanabe

2

This matter is before the court for consideration on [Plaintiffs'] Motion Pursuant to D.C.COLO.LCivR 7.2(d) (docket no. 222). The court has reviewed the subject motion and the response (docket no. 233). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs seeks an Order from this court to either allow continued Level 3 restricted access to their Memorandum Opposing Archstone's Motion to Confirm Arbitration Award and Seeking an Order Vacating the Award and exhibits thereto, pursuant to D.C.COLO.LCivR 7.2(D); or, alternatively, allowing a lesser restriction, or none at all, by setting aside the relevant provision/s of the protective order entered in the arbitration regarding filings associated with motions to confirm or vacate the award;

5. That Defendant Archstone agrees with Plaintiffs that Level 3 restricted access is warranted with respect to nearly all of the

       Exhibits attached to Plaintiffs' May 28, 2013 Memorandum Opposing Archstone's Motion to Confirm Arbitration Award and Seeking an Order Vacating the Award ("Opposition") (docket no. 221) (namely, Exhibits C-K, M-Q and S-Y) but Defendant Archstone disagrees that restricted access is warranted as to Exhibits A, B, L, and R filed with Plaintiffs' Opposition, on the basis that these documents are already publicly available;

6. That Defendant Archstone has demonstrated to this court that Exhibits A, B, L, and R filed with Plaintiffs' Opposition are publicly available and restricted access as to these Exhibits is not warranted;

7. D.C.COLO.LCivR 7.2(B) requires a party seeking to restrict public access to: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly-defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question; and (5) identify the restriction level sought.  A motion to seal [restrict access] is addressed to a court's discretion.  <u>SBM Site Services, LLC v. Garrett</u>, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) (Boland, J.) ("Access properly is denied where court files might

serve as a source of business information that could harm a litigant's competitive standing.") (citing Huddleson v. City of Pueblo, 270 F.R.D. 635, 637 (D. Colo. 2010) (quoting Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 598 (1978));

8. That as to Exhibits C-K, M-Q and S-Y, I find that the privacy interest of the parties and need for confidentiality outweighs the pubic's interest. As to Exhibits A, B, L, and R, I find the public's interest outweighs any privacy interest of the parties;

9. That restricting access at Level 3 to Exhibits C-K, M-Q and S-Y is necessary to protect confidential information contained therein. The potential harm to both parties outweighs the interest of the public to access to Exhibits C-K, M-Q and S-Y;

10. That Plaintiffs would suffer clearly-defined and serious injury if access to Exhibits C-K, M-Q and S-Y is not restricted;

11. That personal and proprietary confidential business information contained in Exhibits C-K, M-Q and S-Y can be protected only by restricting access at Level 3 and no alternative to restricted access at Level 3 is practicable, noting that the personal and proprietary confidential business information permeates throughout Exhibits C-K, M-Q and S-Y and thus makes redaction impractical; and

12. That restricting access at Level 3 to Exhibits C-K, M-Q and S-Y pursuant to D.C.COLO.LCivR 7.2 and the case law cited above is appropriate and warranted.

# ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That [Plaintiffs'] Motion Pursuant to D.C.COLO.LCivR 7.2(d) (docket no. 222) is **GRANTED IN PART AND DENIED IN PART.** The Motion is **GRANTED** insofar as Exhibits C-K, M-Q and S-Y attached to Plaintiffs' May 28, 2013 Memorandum Opposing Archstone's Motion to Confirm Arbitration Award and Seeking an Order Vacating the Award ("Opposition") (docket no. 221) shall be restricted to a Level 3 Restriction. The Motion is **DENIED** insofar as Exhibits A, B, L, and R attached to Plaintiffs' May 28, 2013 Memorandum Opposing Archstone's Motion to Confirm Arbitration Award and Seeking an Order Vacating the Award ("Opposition") (docket no. 221) shall not be restricted;

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of June 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE