IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, HAROLD SILVER and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST;
ARCHSTONE-SMITH TRUST;
ERNEST A. GERARDI, JR.;
RUTH ANN M. GILLIS;
NED S. HOLMES;
ROBERT P. KOGOD;
JAMES H. POLK, III;
JOHN C. SCHWEITZER;
R. SCOT SELLERS;
ROBERT H. SMITH;
STEPHEN R. DEMERITT;
CHARLES MUELLER, JR.;
CAROLINE BROWER;
MARK SCHUMACHER;
ALFRED G. NEELY;
TISHMAN SPEYER DEVELOPMENT CORPORATION;
RIVER HOLDING, LP; RIVER ACQUISITION (MD), LP;
RIVER TRUST ACQUISITION (MD), LLC; and
ARCHSTONE MULTIFAMILY SERIES I TRUST;

Defendants.

## ORDER REGARDING
## PLAINTIFFS' MOTION FOR LIMITED RELIEF FROM MAY 9, 2013 SCHEDULING ORDER (DOCKET NO. 240)

Entered by U.S. Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiffs' Motion for Limited Relief from May 9, 2013 Scheduling Order (docket no. 240). The court has reviewed the subject motion

(docket no. 240), the response (docket no. 255) and the reply (docket no. 257). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That I incorporate by reference all of my findings as outlined in my Order Regarding Scheduling Procedure and Plaintiffs' Motion Pursuant to D.C.COLO.LCivR 7.2 (docket no. 217);

5. That on November 8, 2013, Judge Martinez confirmed the Arbitration Award. See docket no. 243;

6. That in the subject motion (docket no. 240), Plaintiffs seek limited relief from stay and request that this court allow Plaintiffs to conduct the following limited discovery:

    a. The deposition of Ernest Gerardi, a Director Defendant who, based on his involvement in another proceeding, Plaintiffs understand is elderly and in poor health;

    b. Subpoenas on third parties Lehman Brothers Holdings, Inc.,

        AvalonBay Communities, Inc., ERP Operating Limited Partnership and Equity Residential to Ensure the preservation of documents relating not only to the 2007 Transaction, but also the sale of Archstone in February 2013; and,

  c.  Preservation subpoenas on non-party advisors and lenders to the participants in both the 2007 Transaction and the 2013 Asset Sale, including Hogan & Hartson (now Hogan Lovells), Ernst & Young, Mayer Brown, LLP, Bank of America Securities, LLC, Goodwin Procter, LLP, Morrison & Foerster, LLP, Weil Gotshal & Manges, LLP, Morgan Stanley, Morgan Stanley Senior Funding, Inc., and Goldman Sachs Lending Partners, LLC.;

7.  That in support of the subject motion (docket no. 240), Plaintiffs make the following arguments.  First, Plaintiffs argue that they are seeking **"preservation of evidence"** for trial.  Second, that such limited preservation discovery sought, as outlined above in paragraph 6 a., b., and c., does not conflict with the rationale behind the Court's Stay Order entered in February 2008.  Third, that Plaintiffs no longer intend to pursue their claims under the federal securities laws and therefore any reason to stay discovery under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) (2006) is moot.  Fourth, that Plaintiffs make

    a generic argument that Ernest Gerardi, a Director Defendant, is elderly and in poor health and suggest that Mr. Gerardi may not be available as a witness in the future. Lastly, Plaintiffs argue that they have the burden of proof at trial, and that they would be prejudiced if there is dissipation of evidence because they were unable to preserve the discovery as outlined in paragraph 6 a., b., and c. above and thus due process, equity and the right to fair trial warrant an Order from this court allowing the limited discovery that Plaintiffs are seeking;

8. That Defendants argue that this court should deny the subject motion (docket no. 241) for the following reasons. First, that the subject motion (docket no. 240) is moot since Judge Martinez confirmed the Arbitration Award on November 8, 2013. See docket no. 243. Second, that there is no basis to lift the stay since Plaintiffs have failed to demonstrate that Mr. Gerardi suffers from some medical, physical or mental disease or defect that will, in the near future, cause him to be incompetent as a witness or that Mr. Gerardi's death is imminent and thus will not be available at a later date for deposition and/or trial. Third, that the court ordered February 2008 stay was affirmed by Magistrate Judge Watanabe. See Magistrate Judge Watanabe's "Order Regarding Scheduling Procedure and Plaintiffs' Motion Pursuant to D.C.COLO.CivR 7.2" (docket no. 217); and

9. That after carefully reviewing the legal arguments presented concerning the subject motion (docket no. 241) and reviewing the record of court proceedings, I conclude that Plaintiffs have failed to demonstrate any "particularized need" at this time for this court to lift the stay on discovery.  Further, I conclude that Plaintiffs will not suffer any undue prejudice noting that Plaintiffs have not produced any reliable and trustworthy medical or psychological evidence concerning Mr. Gerardi to show that he is likely be unavailable as a competent witness in the near future.  In addition, Plaintiffs have failed to demonstrate that the large corporate entities and large national law firms, as outlined in paragraph 6 b. and c above, will not have the records/documents that Plaintiffs seek in the future. Moreover, I find that my Order Regarding Scheduling Procedure and Plaintiffs' Motion Pursuant to D.C.COLO.LCivR 7.2 (docket no.217) outlines, in detail, the appropriate course of action for this case and is consistent with Fed. R. Civ. P. 1 to secure the just, speedy, and inexpensive determination of every action and proceeding and further consistent with the goals of the Civil Justice Reform Act.   Accordingly, for the reasons stated and pursuant to Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000); LaFleur v.Teen Help, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (affirming stay of discovery pending resolution of motion to dismiss); and S.E.C. v. Nacchio, 2005 WL 1799372 (D.

Colo. July 28, 2005) the subject motion (docket no. 240) should be denied.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Plaintiffs' Motion for Limited Relief from May 9, 2013 Order (docket no. 240) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 12th day of December 2013.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge