IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
ERNEST A. GERARDI, JR,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK III,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH,
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWER,
MARK SCHUMACHER,
ALFRED G. NEELY,
LEHMAN BROTHERS HOLDINGS, INC.,
TISHMAN SPEYER DEVELOPMENT CORPORATION, RIVER HOLDING, LP, RIVER ACQUISITION (MD), LP RIVER TRUST ACQUISITION (MD), LLC, ARCHSTONE MULTIFAMILY SERIES I TRUST, and
JOHN DOES 1-8,

Defendants.

**ORDER REGARDING
PLAINTIFFS' MOTION TO SET ASIDE PROTECTIVE ORDER
ENTERED IN ARBITRATION
(Docket No. 249/251)**

Entered by U.S. Magistrate Judge Michael J. Watanabe

2

This matter was before this court on February 4, 2014 for hearing on Plaintiffs' Motion to Set Aside Protective Order Entered in Arbitration (docket no. 249/251). The court has reviewed the subject motion (docket no. 249/251), the Memorandum in Support of Plaintiffs' Motion to Set Aside the Protective Order Entered in Arbitration (docket no. 250), the Defendants' Response in Opposition to Plaintiffs' Motion to Set Aside Protective Order Entered in Arbitration (docket no. 260), and the Reply (docket no. 263). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument by the parties through counsel. The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs seeks an Order from this court setting aside the Protective Order entered in the Arbitration. Plaintiffs argue that the discovery taken in the Arbitration is relevant to the claims that this court must adjudicate and therefore this court should set aside the Protective Order that was entered in the Arbitration and allow Plaintiffs to use discovery acquired during the Arbitration to defend

3

against Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint which shall be filed with the court on or before February 28, 2014.  See Minute Order setting deadline for Defendants' to file their Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (docket no. 271).  Plaintiffs argue that they are not trying to seek discovery but simply want to use the discovery that was already exchanged during the Arbitration;

5. That Defendants argue that Plaintiffs have made a previous effort to open discovery which has been rejected by this court.  See docket no. 258.  Further, Defendants argue that Plaintiffs' Second Amended Class Action Complaint must rise or fall on its own without the benefit of confidential discovery obtained in the Arbitration.  Moreover, Defendants have agreed to the use of Arbitration Materials [i.e. confidential discovery acquired during the Arbitration] in this litigation if Plaintiffs' claims in their Second Amended Class Action Complaint survive Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. Defendants have further agreed that no Arbitration Material [i.e., confidential discovery acquired during the Arbitration] needs to be destroyed or returned to the producing party until 60 days following dismissal of all claims or the end of the litigation or, in the event a party appeals, 60 days from exhaustion of all possible appeals. Accordingly, Defendants argue that Plaintiffs' subject motion

(docket no. 249/251) is unnecessary;

6. That on May 9, 2013, this court entered its Order Regarding Scheduling Procedure and Plaintiffs' Motion Pursuant to D.C.COLO.LCiv 7.2 (docket no. 217). In this Order (docket no. 217), this court outlined, in detail, the appropriate course of action for this case, and such Order was entered consistent with Fed. R. Civ. P. 1 to secure the just, speedy, and inexpensive determination of this action and consistent with the Civil Justice Reform Act. The parties have complied with this Order and the Second Amended Class Action Complaint was accepted for filing with this court on December 20, 2013 without objection by Defendants. The Second Amended Class Action Complaint (docket no. 266) is the operative pleading. See docket no. 261. Further, in this Order (docket no. 217), the court also **ORDERED:**

> **That this Court's previous February 27, 2008 Order Regarding Defendants' Motion to Stay Discovery and Further Pretrial Proceedings Pending Resolution of Threshold Issues (docket no. 50) will remain in effect, and discovery and other proceedings will remain stayed [except as outlined above] pursuant to that Order and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) (2006)**;

5

7. That in a Motion to Dismiss, a court considers only the allegations in the complaint, exhibits attached to the complaint, and external documents necessarily referenced and relied upon by a plaintiff in the complaint.  All three categories of information are, almost by definition, in the control of the plaintiff, and thus, discovery will rarely be necessary to respond to a motion to dismiss. As a result, "needing discovery to respond to a motion to dismiss is oxymoronic." Vaughn v. Krehbiel, 367 F. Supp. 2d 1305, 1309-10 (D. Colo. 2005); see also Vaupel v. United States, No. 07-cv-01443-MSK-KLM, 2008 WL 1333111, at *2 n.2 (D. Colo. June 3, 2008) ("[M]otions to dismiss are generally decided on the merits of the complaint, without the benefit of discovery."); Ryskamp v. Looney, No. 10-cv-00842-CMA-KLM, 2010 WL 4256205, at *3-4 (D. Colo. Oct. 21, 2010) (granting a discovery stay and holding that "Plaintiff does not have a right to discovery in order to respond to a motion to dismiss").

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion to Set Aside Protective Order Entered in Arbitration (docket no. 249/251)is **DENIED**; and
2. That each party shall pay their own attorney fees and costs for this

motion.

Done this 7th day of February 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE