**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST, *et al.*,

      Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO VACATE CONFIRMATION OF THE ARBITRATION AWARD BASED ON NEWLY DISCOVERED EVIDENCE**

---

Plaintiffs Steven A. Stender, Harold Silver, and Infinity Clark Street Operating (collectively "Plaintiffs") bring this putative class action against Defendants Archstone-Smith Operating Trust ("Archstone") and others (collectively "Defendants") arising out of a 2007 transaction in which the publicly held Archstone-Smith Real Estate Investment Trust ("REIT") was taken private. (Sec. Am. Compl. (ECF No. 266) pp. 2-3.)

Before the Court is Plaintiffs' Motion to Vacate Confirmation of the Arbitration Award Based on Newly Discovered Evidence ("Motion"). (ECF No. 302.) For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

Plaintiffs move for relief pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs owned Class A-1 Common Units of the Archstone-Smith Operating Trust ("A-1 Units").[1] (Am. Compl. ¶ 1.) A-1 Units had the benefit of deferred taxation, and such benefit was a primary reason why investment in an REIT, such as Archstone, was beneficial. (*Id*. ¶ 55.) The obligations of the REIT to the holders of the A-1 Units were set forth in a Declaration of Trust ("DOT"), which was executed in 2001. (*Id*. ¶ 59.) The DOT provided that Archstone would reimburse A-1 Unit holders if any merger resulted in the holder losing their tax-deferral benefits. (*Id*. ¶¶ 59-61.)

In 2007, Archstone announced that it had signed a merger agreement, which eliminated the A-1 Units. (*Id*. ¶ 90.) A-1 Unit holders were required to elect either to have their A-1 shares converted to Series O units, or to take a cash buyout. (*Id*. ¶¶ 96-99.) Plaintiffs' belief that the Series O units did not offer the same benefits as the A-1

---

[1] To avoid unnecessarily wasting judicial resources, the Court has adopted the factual and procedural history previously set forth in the Order granting Defendants' Motion to Confirm Arbitration Award. (ECF No. 243.)

2

Units, amongst other issues, led to the filing of this action.  (*Id.*)

On September 30, 2008, the Court ordered that Plaintiffs' breach of contract claim relating to the tax-deferral provisions of the DOT was subject to an arbitration clause.  (ECF No. 76.)  Retired United States District Court Judge Bruce Kaufman (the "Arbitrator") presided over a nine-day evidentiary hearing in October 2012.  (ECF No. 184-1 at 2.)  The parties submitted post-hearing briefs, and the Arbitrator held oral argument in January 2013.  His final decision in favor of Archstone was issued on March 8, 2013 (the "Award").  (*Id.*)  After a thorough analysis of the arguments raised by the parties, the Arbitrator concluded as follows:

> This arbitration boils down to one inquiry—did the merger <u>result</u> in A-1 Unit Holders being <u>required</u> to recognize federal income taxable gain.  For some A-1 Unit Holders, like Claimants, the merger did in fact result in the recognition of taxable gain but only because they chose the cash option.  However, for the reasons stated herein, they could have chosen Series O Units and the record is devoid of evidence that this choice would have resulted in the recognition of taxable gain. . . . Claimants were not required to recognize taxable gain as a result of the merger and therefore Respondent did not breach Section 2 of the TPA.

(*Id*. at 11.)  On November 8, 2013, the Court granted Archstone's Motion to Confirm Arbitration Final Award.  (ECF No. 243.)

### III.  ANALYSIS

To qualify for relief under Rule 60(b)(2)[2], the moving party must show:  (1) the evidence was newly discovered since the arbitration; (2) the moving party was diligent

---

[2] Although Plaintiffs purport to rely on both Rule 60(b)(1) and (2) in support of their Motion, because the basis for their Motion is newly discovered evidence, the Court will consider the Motion pursuant to Rule 60(b)(2).

3

in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) reconsideration with the newly discovered evidence would probably produce a different result. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

Plaintiffs allege that the newly discovered evidence consists of Schedule K-1 tax forms that holders of the Series O units received in late 2013, as well as a December 19, 2013 letter from Archstone to these unitholders. The Schedule K-1 forms showed that the Series O units had incurred tax liability for the period of January 1, 2012 and February 27, 2013. (ECF No. 303-1 at 2.) The December 19, 2013 letter was Archstone's explanation of why the Schedule K-1 forms were sent, and why the Series O units incurred taxable gain. (*Id.*) In short, the letter explained that Archstone sold assets in February 2013, and that this sale resulted in taxable gains that were allocable among the partners of the trust agreement, including the Series O units. The letter stated that the difference between the value of the Series O units at the time of the 2007 merger and the 2013 asset sale was "unrealized gain" that was "not covered by a tax protection agreement". (*Id.*)

Plaintiffs contend that this evidence proves the position Plaintiffs took at the arbitration that the Series O units lacked the tax-deferral provisions of the prior Series A-1 shares. (ECF No. 302.) Plaintiffs ask the Court to vacate its Order confirming the arbitration award, and send the case back to the Arbitrator for reconsideration of the case based on newly discovered evidence. (*Id.* at 13.)

The Court finds that Plaintiffs have satisfied the first three prongs of the Rule 60(b)(2) test. The arbitration hearing was in October 2012, and the decision issued on

March 8, 2013.  (ECF No. 184-1 at 2.)  The newly discovered evidence came from Archstone in late 2013 or early 2014.  (ECF No. 303-1.)  Thus, there is no doubt that this evidence was not available at the time of the arbitration.  Additionally, Plaintiffs filed the instant Motion only a few months after discovering the evidence.  Given the time needed to investigate and put together the Motion, the Court finds that Plaintiffs acted diligently.  Finally, the Court finds that the evidence is not cumulative of other evidence already in the record, as the Arbitrator repeatedly noted that the record was devoid of evidence showing that the Series O units lacked tax-deferred status.  (*See* ECF No. 184-1 at 9-11.)

However, the Court finds that Plaintiffs have failed to show that the newly discovered evidence is material or would have probably resulted in a different outcome.  The Arbitrator framed the issue before him as whether the Series O units were an adequate alternative to the cash option, and he plainly stated that "[t]he question of whether Series O was a viable alternative must be evaluated based on the facts available at the time of election." (ECF No. 184-1 at 4 n.2.)  The newly discovered evidence shows only that—as of late 2013—holders of the Series O units received confirmation that the Series O units do not have the same tax-deferral benefits as the Series A-1 shares.  (*See* ECF Nos. 303 at 5-6; 303-1.)  Because holders of the Series A-1 units did not have this information in 2007 when they were forced to choose between the cash option and the Series O units, the newly discovered evidence was not material to the Arbitrator's decision.

Plaintiffs argue that the newly discovered evidence is material because the Arbitrator repeatedly observed that there was no evidence showing that the Series O

units would necessarily result in taxable gain. (ECF No. 303 at 11 (citing ECF No. 184-1).) The Court agrees that the Arbitrator made a number of comments about the lack of evidence showing that any Series O holder had incurred taxable gain. (ECF No. 184-1 at 9-11.) However, the Arbitrator plainly confined the relevant evidence to what was known to investors at the time they were in the position to make the election. (*Id*. at 4 n.2.) Because the investors did not know of events that would occur in late 2013 or early 2014 at the time they chose between the cash buyout and the Series O units, this newly discovered evidence was not material to the Arbitrator's decision. For the same reasons, the Court finds that Plaintiffs have failed to show that, if the Arbitrator had considered the newly discovered evidence, the outcome of the arbitration would probably be different.

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Dronsejko*, 632 F.3d at 664 (internal quotation marks omitted). Because Plaintiffs have failed to show that the newly discovered evidence was material or would probably have changed the outcome of the arbitration, the Court finds that they have failed to show the exceptional circumstances necessary to grant relief. As such, Plaintiffs' Motion is denied.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Vacate Confirmation of the Arbitration Award Based on Newly Discovered Evidence (ECF No. 302) is DENIED.

Dated this 21st day of July, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge