IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
ERNEST A. GERARDI, JR,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK III,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH,
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWER,
MARK SCHUMACHER,
ALFRED G. NEELY,
LEHMAN BROTHERS HOLDINGS, INC.,
TISHMAN SPEYER DEVELOPMENT CORPORATION,
RIVER HOLDING, LP,
RIVER TRUST ACQUISITION (MD), LLC,
RIVER ACQUISITION (MD), LP
ARCHSTONE MULTIFAMILY SERIES I TRUST,
JOHN DOES 1-8,
ARCHSTONE, INC.,
AVALONBAY COMMUNITIES, INC.,
ARCHSTONE ENTERPRISE LP,
ERP OPERATING LIMITED PARTNERSHIP, and
EQUITY RESIDENTIAL,

Defendants.

---

MINUTE ORDER

Entered By Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion for Relief from Sanctions Imposed by May 18, 2015 Order (Docket No. 361) is DENIED for the following reasons.

Plaintiffs are correct that the Court erred in imposing sanctions prior to giving Plaintiffs an opportunity to be heard on the question. However, as Defendants point out, this motion to reconsider provides the requisite opportunity to be heard – and the Court continues to believe that sanctions under Rule 37(a)(5) are warranted.

The Court still finds that Plaintiffs' position in the underlying discovery dispute was not substantially justified. Specifically, the Court does not believe that reasonable people can disagree as to whether *Plaintiffs' tax records* are within the scope of permissible discovery in this *tax-planning dispute*. In briefing the underlying motion, Plaintiffs took the position that the records were relevant only if they were part of Plaintiffs' experts' work file under Rule 26(a)(2) – without ever addressing the Rule 26(b)(1) arguments made by Defendants. (Docket No. 357.) This was not substantially justified.

In this motion for reconsideration, Plaintiffs repeatedly describe their response to Defendants' underlying discovery motion as "brief," based on "expedited" briefing. (Docket No. 361.) But neither party had asked for expedited briefing. True, Defendants had asked for relief on a short time frame – but without a court order compelling expedited briefing, Plaintiffs were entitled to 21 days to respond to Defendants' motion. Nothing prevented Plaintiffs from filing a complete response.

Further, none of the new arguments made by Plaintiffs are persuasive. For example, Plaintiffs cite an employment discrimination case for the proposition that a request for five years' worth of tax returns is overly broad. (Docket No. 361, p. 8 (citing *Hamner v. Associated Wholesale Grocers, Inc.*, 2008 WL 917900 (D. Kan. Mar. 30, 2009).) But this case is not an employment discrimination case – it's a dispute over tax-driven investments. At a bare minimum, Plaintiffs' returns for all taxable years to which 2007 capital gains or losses could be carried back or forward are plainly relevant, as are all tax returns which might reflect changes to Plaintiffs' adjusted bases in the REIT investment. Likewise, Plaintiffs argue that nothing requires them to keep records going back 17 years – but this is not true, because all taxpayers are required to keep records sufficient to establish the adjusted bases of their investments, regardless of the duration of those investments.

Ultimately, Plaintiffs' positions, both in briefing the underlying discovery motion and now, are not substantially justified. And given the length of time this case has been pending – given that Plaintiffs' taxes have been the subject of litigation for eight years – there is nothing unjust about imposing sanctions for Plaintiffs' failure to produce their tax records.

      In responding to this motion for reconsideration, Defendants (1) ask for an award of expenses incurred in responding to this motion for reconsideration, and (2) ask for spoliation sanctions. The Court denies both requests. As to the first request, Defendants themselves pointed out that this motion is the opportunity to be heard to which Plaintiffs were originally entitled under Rule 37(a). As to the second request, the Court denies the request as an improperly joined motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

Date: June 23, 2015