IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
ERNEST A. GERARDI, JR,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK III,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH,
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWER,
MARK SCHUMACHER,
ALFRED G. NEELY,
LEHMAN BROTHERS HOLDINGS, INC.,
TISHMAN SPEYER DEVELOPMENT CORPORATION,
RIVER HOLDING, LP,
RIVER TRUST ACQUISITION (MD), LLC,
RIVER ACQUISITION (MD), LP
ARCHSTONE MULTIFAMILY SERIES I TRUST,
JOHN DOES 1-8,
ARCHSTONE, INC.,
AVALONBAY COMMUNITIES, INC.,
ARCHSTONE ENTERPRISE LP,
ERP OPERATING LIMITED PARTNERSHIP, and
EQUITY RESIDENTIAL,

Defendants.

---

MINUTE ORDER

Entered By Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Compel KPMG to Comply with Subpoena (Docket No. 356) is GRANTED, as follows.

KPMG and Defendants assume without analysis that Colorado's privilege law applies. Neither KPMG nor Defendants argue that the subpoenaed documents or testimony are protected by Maryland law, for example, and any such argument is thus waived.

The question before the Court is whether Colorado law protects the communications at issue. The answer is "no." Even if Colorado law applies, under Colorado law, the accountant-client privilege has limited application in a suit between corporations and their shareholders. In cases where "whether the corporation was governed properly or inimically to shareholder interests is a central issue of the case, shareholders must be permitted to show that there is good cause not to permit disclosure to be thwarted by invocation of the privilege." *Neustater v. District Court*, 675 P.2d 1, 6 (Colo. 1984). Here, Plaintiffs stand in precisely a shareholder-to-corporation relationship to Defendants, and the gravamen of the complaint is that the Defendants breached fiduciary duties owed to Plaintiffs – *i.e.*, that the entity was managed inimically to shareholder interests. Thus, if Colorado law applies, the Court concludes that the *Neusteter* good-cause test applies. Likewise, it is clear that the good-cause test is satisfied. *Neusteter* held that the corporation's right to invoke the accountant-client privilege against shareholders is least appropriate where, as here, "the dispute is between the control group and the minority group in a closely held" entity. *Id.* at 7. Accordingly, the accountant-client privilege does not apply.

KPMG also asserts that the subpoena is unduly burdensome and overly broad, but fails to explain these objections, choosing instead to incorporate by reference its correspondence with Plaintiffs. (Docket No. 370, p. 7 n.5.) KPMG makes a fairly conclusory argument that its audit work papers and tax materials should be adequate without any resort to electronically stored information. The Court finds KPMG's argument to be too sweeping: it may well be the case that there's no justification for searching decade-old email archives, but it may also be the case that large and relevant portions of KPMG's work files are "electronically stored." Accordingly, the Court will compel compliance with the subpoenas without modification. The Court will, however, direct Plaintiffs and KPMG to meet and confer in good faith about the production of documents, no later than July 6, 2015. Should the parties be unable to agree on reasonable terms, KPMG has leave to file a motion to shift costs.

Date: June 23, 2015