IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-CV-02503-WJM-MJW

STEVEN A. STENDER, HAROLD SILVER and
INFINITY CLARK STREET OPERATING, L.L.C., on
behalf of themselves and all others similarly situated,

          Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST, et. al.,

          Defendants.

---

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AN AMENDMENT BY INTERLINEATION
TO ADD A PLAINTIFF AS
AN ADDITIONAL CLASS REPRESENTATIVE**

---

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs request leave of Court to amend their current pleading to add an additional plaintiff as a class representative. A copy of the proposed Amendment by Interlineation is attached hereto as Exhibit A. In support of this Motion, Plaintiffs state as follows:

1.     As the attached Amendment by Interlineation shows, Plaintiffs are proposing to revise their Second Amended Class Action Complaint *(ECF 266)* ("SAC") solely to add an additional named Plaintiff to the existing class action complaint – no amendments to the substance, facts, or claims in the SAC are requested and, if permitted as requested, the numbering of the current paragraphs of the SAC will not change, so all previous references to the SAC will remain valid.

2.  The proposed new plaintiff and class representative – Hannah Klein – owned A-1 Units of Archstone at the time of the 2007 Merger. In connection with the Merger, her A-1 Units (as well as everyone else's) were eliminated and she was forced to accept either cash or newly created Series O Units. She received the latter. See Exh. A. If the Court grants this motion, Ms. Klein would serve as an additional class representative alongside the other named Plaintiffs in the operative complaint.

3.  Under Rule 15(a), an amendment should be permitted so long as it does not involve undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, or futility. See *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent any of those circumstances, a plaintiff should be permitted to test his claim on the merits, and leave to amend should be freely given. *Id.*

4.  None of the problems identified in *Foman* are present here. The parties are still in class certification discovery – and Plaintiffs' motion for class certification is not yet due – so no undue delay, dilatory motive, bad faith, or prejudice is involved. The proposed addition of Ms. Klein is not to cure any deficiency and cannot be deemed futile. In addition, Plaintiffs have not unduly delayed and are not acting in bad faith.

5.  Moreover, Ms. Klein could just as easily file her claims under a new stand-alone class action complaint, with a new case number, and she could then seek to have that new case consolidated with this existing case as a related proceeding. That approach would accomplish the same thing as permitting the proposed amendment. Adding her by an amendment is more efficient, and the result is the same for all

practical purposes.

6. Ms. Klein has heretofore been proceeding in this litigation as an absent class member. Following the depositions of Plaintiff Harold Silver and the Harold Silver Living Trust on June 2, 2015, the Archstone Defendants have made repeated threats of motions relating to spoliation and have otherwise attacked Mr. Silver, an 89 year-old D-Day veteran, for misunderstandings evidenced during the June 2 depositions. *See, e.g.*, June 8, 2015 "Status Report" *(ECF 372)*. Mr. Silver has acted to protect the interests of the putative class since joining this litigation. Nevertheless, it is evident that Defendants will challenge his adequacy under Rule 23 (a)(2). And while Plaintiffs believe that Mr. Silver will withstand Defendants' onslaught as a matter of fact and law, good cause clearly exists for Plaintiffs to act with an abundance of caution and add another named Plaintiff who, like Mr. Silver, received Series O Units as part of the Merger. Ms. Klein is prepared to take on the role of a class representative and permitting her to do so now will avoid potentially engaging in this process at a later date.

7. In class actions, Courts routinely permit plaintiffs to amend their pleadings to add additional class representative candidates prior to class certification. See, e.g., *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 U.S. Dist. LEXIS 85961, at *5-*11 (N.D. Cal. June 23, 2014), and *In re Thornburg Mortgage Inc. Sec. Litig.*, 265 F.R.D. 571, 580-85 (D.N.M. 2010). Indeed, when they find a plaintiff to be inadequate, courts often allow their counsel a period of time in which to find a substitute plaintiff or plaintiffs. See *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331, 1333 (11th Cir. 2003); *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 253 (2d Cir. 2011).

8. The addition of Ms. Klein need not affect the current schedule. Plaintiffs' motion for class certification is currently due to be filed on July 28, 2015. Defendants' response is due August 27, 2015. Defendants will have ample time in which to obtain documents from and depose Ms. Klein and will not be prejudiced in any way by her addition to the litigation.

9. In sum, there is no reason for the Court to depart from the well-established principle that leave to amend should be freely given.

10. Moreover, to the extent it is necessary to amend the Scheduling Order set by the Court (*ECF* 335), good cause exists for such amendment. As discussed below, Plaintiffs have shown good cause because they have proceeded with diligence within a reasonable length of time after learning the relevant information during discovery. Thus, Plaintiffs have satisfied the criteria under Rule 16(b) for a revision to a deadline in a scheduling order regarding amended pleadings. See *Pumpco Inc., The Concrete Company v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) ("good cause" for revising a deadline in a Scheduling Order turns on whether the requesting party has acted with diligence upon learning the pertinent facts in discovery).

11. It was not until after Mr. Silver's deposition on June 2, 2015, that Plaintiffs became aware that Defendants intend to argue that Mr. Silver cannot adequately represent the class. Defendants' arguments appear to center on Mr. Silver's memory, Mr. Silver's understanding of the issues in the case, and Mr. Silver's understanding of what is required of him as a class representative. As discussed above, Defendants have since raised these arguments informally with the Court and Plaintiffs anticipate that

Defendants will argue that Mr. Silver is inadequate as part of their opposition to the upcoming motion to certify a class under Rule 23 of the Federal Rules of Civil Procedure.

12. Plaintiffs believe that Mr. Silver will survive any challenge to his ability to serve as an adequate class representative. But good cause exists to amend the scheduling order to permit Ms. Klein to be named an additional representative along side Mr. Silver. Such an amendment would cause Defendants no prejudice, and it would simplify the analysis of whether the class is adequately represented.

13. Plaintiffs did not know and could not have known with the exercise of diligence before the December 15, 2014 date for amendment of the pleading and joinder of parties that Mr. Silver would become confused by the nature and pace of questioning during his deposition on June 2, 2015, or that Defendants would use that confusion to attack Mr. Silver.

14. Pursuant to D.C.COLO.LCivR. 7.1(a), Plaintiffs' counsel sought consent from Defendants' counsel regarding this motion, in a telephone conference on July 8, 2015, between Thomas A. Doyle (for the Plaintiffs) and Caroline Zalka (for the Archstone Defendants). Defendants do not consent to the relief requested by this motion.

WHEREFORE, Plaintiffs request an Order permitting them to file the attached Amendment by Interlineation (Exhibit A), for the limited purpose of adding an additional plaintiff who will serve as a class representative.

Dated: July 22, 2015

Respectfully submitted,

/s/ Kara A. Elgersma
_____

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone:   (312) 346-2222

Lee Squitieri
SQUITIERI & FEARON, LLP
32 E. 57th Street, 12th Floor
New York, New York 10022
Telephone:   (212) 421-6492

Diane Vaksdal-Smith
Burg Simpson Eldredge Hersh
  & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Telephone:   (303) 792-5595

**Counsel for Plaintiffs**

5

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 07-CV-02503-WJM-MJW

STEVEN A. STENDER, HAROLD SILVER and
INFINITY CLARK STREET OPERATING, L.L.C., on
behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST, et. al.,

Defendants.

**PLAINTIFFS'
AMENDEMENT BY INTERLINEATION TO THEIR
SECOND AMENDED CLASS ACTION COMPLAINT *(ECF 266)***

Plaintiffs hereby make the following additions, by interlineation, to their pending Second Amended Class Action Complaint *(ECF 266)*:

- In Paragraph 1, insert "Hannah Klein" after the phrase "Steven A Stender,";

and

- After Paragraph 26, insert the following new paragraph:

"26a. At all relevant times described herein, Plaintiff Hannah Klein was a resident of California, and was an owner of A-1 Units. Because of the coercive nature of the Merger, she was forced to convert each Class A-1 Unit she owned to a newly-issued Series O Preferred Unit on a one-for-one basis."

Dated: July___ , 2015

Respectfully submitted,

_____

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone:   (312) 346-2222

Lee Squitieri
SQUITIERI & FEARON, LLP
32 E. 57th Street, 12th Floor
New York, New York 10022
Telephone:   (212) 421-6492

Diane Vaksdal-Smith
Burg Simpson Eldredge Hersh
   & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Telephone:   (303) 792-5595

**Counsel for Plaintiffs**

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with this Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record this 22nd day of July 2015.

/s/ Kara A. Elgersma
Kara A. Elgersma