IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
ERNEST A. GERARDI, JR,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK III,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH,
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWER,
MARK SCHUMACHER,
ALFRED G. NEELY,
LEHMAN BROTHERS HOLDINGS, INC.,
TISHMAN SPEYER DEVELOPMENT CORPORATION,
RIVER HOLDING, LP,
RIVER TRUST ACQUISITION (MD), LLC,
RIVER ACQUISITION (MD), LP
ARCHSTONE MULTIFAMILY SERIES I TRUST,
JOHN DOES 1-8,
ARCHSTONE, INC.,
AVALONBAY COMMUNITIES, INC.,
ARCHSTONE ENTERPRISE LP,
ERP OPERATING LIMITED PARTNERSHIP, and
EQUITY RESIDENTIAL,

Defendants.

MINUTE ORDER

Entered By Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion for Leave to File an Amendment by Interlineation to Add a Plaintiff as an Additional Class Representative (Docket No. 391) is DENIED for the following reasons.

First, under the local rules of this District, I may rule on a motion without waiting for a response. D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

Second, I find that then-Chief District Judge Nottingham was originally drawn as the Article III Judge in this case and that I was drawn as the Magistrate Judge when this case was initially filed on November 30, 2007. (Docket No. 2.) The case was reassigned to District Judge Blackburn as presiding judge on November 5, 2008 (Docket No. 81), and then to District Judge Martinez as presiding judge on February 9, 2011 (Docket No. 131). I have been the referral judge throughout, and have been the only judicial officer to remain assigned to the case from its filing. Being fully aware of all of the previous proceedings, orders, and hearings that have taken place in this case, I find that a response from Defendants to the subject motion (Docket No. 391) would not materially assist the Court.

Third, when a motion for leave under Rule 15(a) is filed after the Scheduling Order's deadline for doing so, the standard for amending the Scheduling Order under Rule 16(b)(4) must be satisfied. As Plaintiffs acknowledge, that standard is a "good cause" standard focused on the moving party's diligence. Here, Plaintiffs have not established that they could not have brought this amendment earlier.

Plaintiffs argue that it was not until June 2, 2015, that they learned Defendants might challenge Mr. Silver's appropriateness as a class representative. But Defendants' litigation strategy is not newly discovered evidence that would amount to good cause under Rule 16(b). Plaintiffs are represented by experienced class counsel, and surely it is not a surprise to them that defense counsel might make a challenge under Rule 23(a)(2). Due diligence required Plaintiffs' counsel to interview their clients (namely, Steven A. Stender, Harold Silver, and a knowledgeable representative of Infinity Clark Street Operating, LLC) and make their own assessment of Mr. Silver's adequacy to serve as a class representative at the time they filed this suit -- and to continue evaluating that question throughout the pendency of this suit. Plaintiffs do not argue that anything about Mr. Silver's adequacy has changed, other than Defendants' anticipated litigation strategy; this is not good cause.

Fourth, even if good cause were shown, Plaintiffs' argument that amendment would not cause undue delay is simply wrong. Plaintiff suggest that they will still be able to timely file their motion for class certification (by July 28, 2015) and that Defendants will "have ample time" to depose and conduct discovery into the new class representative before filing their objection to the class certification motion in August. But given the sheer number of discovery disputes the parties have created as to their

*current* class representatives, the Court finds this optimism to be misplaced. There is no doubt that this eight-year-old case would be delayed still further if Plaintiffs' motion were granted.

The cases cited by Plaintiffs do not call for a different result. In *In re Thornburg Mortgage, Inc., Securities Litigation*, 265 F.R.D. 571 (D. N.M. 2010), the Court proceeded under Rule 15(a) alone, without reference to Rule 16(b); further, it specifically found that Plaintiffs' delay was justifiable due to the other pending matters in the case requiring immediate attention. *Id.* at 579-82. The same is true for *True Health Chiropractic Inc. v. McKesson Corp.*, 2014 WL 2860318, at *3 (N.D. Cal. June 23, 2014) ("Plaintiff sought leave to amend well within Defendant's proposed deadline for amendments . . . ."). Finally, *Birmingham Steel Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003), and *Shahriar v. Smith & Wollensky Restaurant Group*, 659 F.3d 234 (2d Cir. 2011), stand for the proposition that a class should not be decertified without a chance to find a new representative, since doing so would prejudice the class members. That question has no bearing on the issue currently before the Court.

Finally, Plaintiffs suggest that they can accomplish the same thing by bringing a separate lawsuit and then moving to consolidate the cases. That, of course, begs the question. District Judge Martinez might very well deny such a motion to consolidate for the exact same reasons that the Court denies this motion.

Date: July 23, 2015