IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST,
ARCHSTONE-SMITH TRUST,
ERNEST A. GERARDI, JR,
RUTH ANN M. GILLIS,
NED S. HOLMES,
ROBERT P. KOGOD,
JAMES H. POLK III,
JOHN C. SCHWEITZER,
R. SCOT SELLERS,
ROBERT H. SMITH,
STEPHEN R. DEMERITT,
CHARLES MUELLER, JR.,
CAROLINE BROWER,
MARK SCHUMACHER,
ALFRED G. NEELY,
LEHMAN BROTHERS HOLDINGS, INC.,
TISHMAN SPEYER DEVELOPMENT CORPORATION,
RIVER HOLDING, LP,
RIVER TRUST ACQUISITION (MD), LLC,
RIVER ACQUISITION (MD), LP
ARCHSTONE MULTIFAMILY SERIES I TRUST,
JOHN DOES 1-8,
ARCHSTONE, INC.,
AVALONBAY COMMUNITIES, INC.,
ARCHSTONE ENTERPRISE LP,
ERP OPERATING LIMITED PARTNERSHIP, and
EQUITY RESIDENTIAL,

Defendants.

---

MINUTE ORDER

Entered By Magistrate Judge Michael J. Watanabe

On May 18, 2015, the Court granted the Archstone Defendants' Motion to Compel the Production of Documents and Discovery Responses. (Docket Nos. 353, 360.) Pursuant to Fed. R. Civ. P. 37(d)(3), the Court ordered Plaintiffs to pay the Archstone Defendants' reasonable and necessary attorneys' fees and costs for responding to the motion.

Due to an oversight by the Court, briefing over the amount of fees and costs did not proceed along the ordinary process. (*See* Docket No. 406.) Nonetheless, in preparing for a status conference on July 15, 2015, the parties informed the Court that they could not agree on the amount of Defendants' reasonable and necessary attorneys' fees and costs, and the parties briefed their respective positions on the matter. (Docket Nos. 384 & 387.) The Court ordered the Archstone Defendants to file substantiation of their request (Docket No. 388), and the Archstone Defendants did so on August 21, 2015 (Docket No. 412).

The Court notes as an initial matter that the attorneys' fees reflected in Docket No. 412 are stated at the rates billed in the New York City legal market. However, in the Tenth Circuit, forum rates apply (absent special circumstances not present here). *See Gottlieb v. Barry*, 43 F.3d 474, 485 n.8 (10th Cir. 1994) (forum rates apply in lodestar analysis); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259-60 (10th Cir. 2015) (lodestar analysis applies to sanctions). Here, Defendants' own fee computation presents evidence of an applicable forum rate for a partner: the initial request contained one hour billed by Alex Myers, a local partner at a large law firm, at $360 per hour. The Court finds this reasonable and adopts it as a reasonable rate for partners in the Denver legal market. Further, based on the Court's own expertise and knowledge, the Court adopts $275 per hour as a reasonable rate for an "of counsel" attorney, $200 per hour as a reasonable rate for a senior associate, and $150 per hour as a reasonable rate for a junior associate.

The other half of a lodestar analysis is the number of hours reasonably expended. *Farmer*, 791 F.3d at 1259-60. Here, in response to the Court's evident skepticism, Defendants have reduced their claim from their previous demand, as follows:

| Name | Billing Rate | Docket No. 384-2 Hours Billed | Total | Docket No. 412-1 Hours Billed | Total |
|---|---|---|---|---|---|
| Jonathan Polkes (Partner) | $1,250 | 2 | $2,500.00 | 0 | $0.00 |
| Caroline Zalka (Partner) | $875 | 9 | $7,875.00 | 2 | $1,750.00 |
| Mark Schwed (Partner) | $995 | 1.2 | $1,194.00 | 0 | $0.00 |
| Alex Myers (Partner) | $360 | 1 | $360.00 | 0 | $0.00 |
| Ashish Gandhi (Counsel) | $865 | 8 | $6,920.00 | 5.5 | $4,757.50 |
| Melanie Conroy (Associate) | $830 | 37.5 | $31,125.00 | 26.8 | $22,244.00 |
| Justin D'Aloia (Associate) | $765 | 14.4 | $11,016.00 | 14.4 | $11,016.00 |

| Name | Rate | Hours | Total | Hours | Total |
|---|---|---|---|---|---|
| Chris Lewarne (Associate) | $660 | 10 | $6,600.00 | 0 | $0.00 |
| Irisa Chen (Associate) | $465 | 7 | $3,255.00 | 0 | $0.00 |
| Alexandra Maravich (Associate) | $465 | 3.7 | $1,720.50 | 0 | $0.00 |
| Herbert Chan (Paralegal) | $290 | 2.8 | $812.00 | 0 | $0.00 |
| Mark Ribaudo (Associate Managing Clerk) | $210 | 3.7 | $777.00 | 0 | $0.00 |
| Sara Gerstein (Associate Managing Clerk) | $210 | 3.3 | $693.00 | 0 | $0.00 |
| **Total** | | **103.6** | **$74,847.50** | **48.7** | **$39,767.50** |

The Archstone Defendants' willingness to walk away from over half of their originally claimed hours is appreciated. But the Court does not find 48.7 hours from four attorneys to be particularly reasonable, either. While this case is complex, the discovery dispute at issue here is not. In a case of this size, the Court does not question the need to have a partner expend 2 hours, and an "of counsel" expend 5.5 hours, supervising the discovery dispute and participating in the meet-and-confer. Those amounts are therefore approved as reasonable. Further, the four attorneys billed a collective total of 9.1 hours *after* their motion was filed, presumably in preparing and filing the reply in support of their motion. This amount is also approved as reasonable.

The Court does not believe, however, that it requires over 30 hours of work by two associates to draft this comparatively simple motion to compel and to prepare a declaration attaching documents from the course of discovery (written discovery requests, responses, and one corporate document). There are discovery motions for which a great deal of case-specific explanation is required, to establish why the requested evidence is relevant; perhaps the law is complicated enough, or the facts are that convoluted eough, that the relevance of the evidence is not immediately clear. But such is not the case here. The motion's legal discussion cited no law other than Federal Rule of Civil Procedure 26(b)(1), two standard district cases on the scope of discovery, and two district cases ordering the disclosure of tax documents. In other words: there was no discussion of any complicated law, explaining some non-obvious relevance of the records. Further, the three-page "Introduction" and 2-plus-page "Background" explained the facts of the case and the relevance of the records sought, but it is hard to imagine why this would take more than a handful of hours to write. Collectively, the two associates billed 33.6 hours in the days up to and including the day the motion to compel was filed. This is at least twice a reasonable amount. The Court will cut the amount in half for each associate.

The foregoing conclusions result in the following lodestar amount:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Caroline Zalka (Partner) | $360 | 2 | $720.00 |
| Ashish Gandhi (Counsel) | $275 | 5.5 | $1,512.50 |
| Melanie Conroy (Associate) | $200 | 16.9 | $3,380.00 |
| Justin D'Aloia (Associate) | $150 | 7.5 | $1,125.00 |
| **Total** | | **31.9** | **$6,737.50** |

Accordingly, it is hereby ORDERED that:

- The Clerk of Court shall REMOVE the Level 2 Restriction from Docket No. 412-1, such that it shall be publicly accessible.   Docket No. 412-main, by contrast, shall remain restricted at Level 2 under D.C.COLO.LCivR 7.2(b).

- In satisfaction of the sanctions imposed in the Court's May 18, 2015 Minute Order (Docket No. 360), Plaintiffs shall pay the Archstone Defendants $6,737.50, on or before October 2, 2015.

Date: September 17, 2015