**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 07-CV-02503-WJM-MJW

STEVEN A. STENDER and INFINITY CLARK
STREET OPERATING, L.L.C., on behalf of
themselves and all others similarly situated,

                Plaintiffs,

   v.

ARCHSTONE-SMITH OPERATING TRUST, *et. al.*,

                Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR
DETERMINATION THAT THE ARCHSTONE DEFENDANTS MAY NOT ASSERT
ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO LEGAL ADVICE GIVEN ON
TREATMENT OF A-1 UNITHOLDERS AND A-1 UNITS**
_____

      Plaintiffs reply as follows in support of their motion for a determination with respect to the Archstone Defendants' subject matter waiver.

**ARGUMENT**

**A.     Plaintiffs' motion is *not* moot.**

      The Archstone Defendants do not cite one fact or case that contradicts the facts and law in Plaintiffs' motion (Dkt. 458). Rather, they try to avoid the motion, announcing they are "mooting it" by producing some of the documents the motion covers. In fact, however, the Archstone Defendants are agreeing to produce only a *subset* of the material as to which the attorney-client privilege has been waived. Consequently, Plaintiffs' motion is not moot, and Plaintiffs ought to be afforded the full scope of the relief they have

requested.

Plaintiffs assert that there has been a subject matter waiver. A subject matter waiver applies to *all* undisclosed communications and information relating to the same subject matter covered by documents and information that have been disclosed.[1] As the Federal Circuit stated in *Fort James Corp. v. Solo Cup Co*,[2] a decision that has been cited with approval in this Circuit:[3]

> The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter. The waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not. There is no bright line test for determining what constitutes the subject matter of a waiver, rather courts weigh the circumstances of the disclosure, the nature of the legal advice sought and the prejudice to the parties of permitting or prohibiting further disclosures.[4]

Here, the Archstone Defendants have concededly disclosed certain otherwise privileged documents and information containing the advice of counsel on the rights of A-1 Unitholders under the DOT, as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders (abbreviated in Plaintiffs' motion as the "Subject Matter"). The Archstone Defendants have thus created a situation in which intentionally disclosed communication or information "'ought in fairness . . . be considered together' with undisclosed communication or information concerning

---

[1] Fed. R. Evid. 502 and Advisory Committee Note. *See also Sprint Comms. Co. v. Comcast Cable*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 U.S. Dist LEXIS 99257, at *17 -18 (D. Kan. July 22, 2014); *In re: Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2011 U.S. Dist. LEXIS 9923, at *34-35 (D. Kan. Jan. 31, 2011).
[2] 412 F.3d 1340 (Fed. Cir. 2005).
[3] *Sprint*, 2014 U.S.Dist LEXIS 99257, at *15-17; *Leprino Foods Co. v DCI, Inc.*, No. 13BcvB02430BRMBKMT, 2014 U.S. Dist. LEXIS 87822, at *26 (D. Colo. June 27, 2014).
[4] *Fort James Corp.,* 412 F.3d at 1349-50.

the same subject matter."[5]  Such a waiver is unlimited—fairness requires that Plaintiffs have access to all documents, information, and testimony relating to the Subject Matter, not just what the Archstone Defendants choose to produce.

While claiming in their response that they are satisfying their obligations, the Archstone Defendants only offer more of the same unfair selective production that led to Plaintiffs' motion in the first place.  A full production relating to the Subject Matter would include such things as inquiries to counsel from the Archstone Defendants, individually or as a group; actions taken in response to the legal advice; internal communications about the advice among individuals, including the Trustees; discussions between Hogan & Hartson, the Trustees, and/or management, be they individually or together; discussions of the Tishman Defendants' desire to eliminate A-1 Units in the face of the fiduciary and contractual obligations of which the Board and management were advised; and all other materials and information concerning legal advice regarding duties to—and the rights of—A-1 Unitholders.

But the Archstone Defendants have only agreed to produce communications concerning (1) *advice* (2) *from* Hogan & Hartson (3) *to* a single entity, Archstone.  The proffer does not include information other than communications "to Archstone" that contain actual advice.  Discussions of the advice aren't included; nor are reactions and interactions concerning that advice.  The Trustees aren't included; management isn't included; intra-company communications aren't included; third parties aren't included.  It is a restricted production, and an unfair production in light of the breadth of the Archstone

---

[5] *Urethane*, 2011 U.S. Dist. LEXIS 9923, at *34-35, citing Rule 502.

Defendants' subject matter waiver.

In short, the Archstone Defendants' response does not address the concern for fairness arising from a partial disclosure of previously protected documents and information, and the Archstone Defendants' offer of a further selective production moots nothing. Fairness requires that discovery extend to all matters within the scope of the Archstone Defendants' subject matter waiver, a waiver they make no effort to dispute—either factually or legally—in their response.

**B.     The Archstone Defendants impermissibly seek an advisory opinion.**

The Archstone Defendants assert in their response that the Court should define what the Subject Matter *does not* include, specifically work product, materials purportedly protected by the accountant-client privilege, and attorney-client communications unrelated to the Subject Matter. But nothing is pending before the Court that would warrant such a determination, which would amount to an advisory opinion.

Plaintiffs' motion is directed to a subject matter waiver of attorney-client privilege. It seeks nothing beyond that.   There may well be developments in discovery which justify Plaintiffs' challenge to the assertion of work product, the accountant-client privilege, or attorney-client privilege in a different context.   At that time, the parties and the Court will have the benefit of a record and briefs on whatever issues are in dispute. But with no controversy now before the Court concerning these matters, the Court should refrain from issuing an advisory opinion or ruling on hypothetical scenarios that are not the subject of Plaintiffs' motion.

## CONCLUSION

Plaintiffs welcome the Archstone Defendants' production of additional materials implicated by their waiver of attorney-client privilege, but that does not moot Plaintiffs' request for a finding that the waiver extends to the full scope of the Subject Matter. As discussed more fully in Plaintiffs' motion, fairness requires that the Archstone Defendants' subject matter waiver apply to all related communications, documents, and testimony, by parties and third-parties alike. The Archstone Defendants ought not be permitted to use the attorney-client privilege as both a sword and a shield.

Dated: January 4, 2016                    Respectfully submitted,

/s/ Kara A. Elgersma

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone:   (312) 346-2222

Lee Squitieri
SQUITIERI & FEARON, LLP
32 E. 57th Street, 12th Floor
New York, New York 10022
Telephone:   (212) 421-6492

*Class Counsel*

Daniel C. Girard
Jordan Elias
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA   94108
Telephone:   (415) 981-4800

Diane Vaksdal-Smith  
Burg Simpson Eldredge Hersh  
& Jardine, P.C.  
40 Inverness Drive East  
Englewood, Colorado 80112  
Telephone:   (303) 792-5595  

***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing ***Plaintiffs' Reply in Support of Plaintiffs' Motion for Determination that The Archstone Defendants May Not Assert Attorney-Client Privilege With Respect to Legal Advice Given on Treatment of A-1 Unitholders and A-1 Units*** to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

/s/ Kara A. Elgersma