**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, L.L.C.,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST *et al.*,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' PRIVILEGE MOTION**

---

Before the Court is Plaintiffs' Motion for Determination That the Defendants May Not Assert Attorney-Client Privilege with Respect to Legal Advice Given on Treatment of A-1 Unitholders and A-1 Units ("Privilege Motion"). (ECF No. 459.) As explained below, the course of briefing has mooted the Privilege Motion as to the Tishman Defendants,[1] and also revealed that the Archstone Defendants[2] do not oppose the relief Plaintiffs originally requested. Accordingly, the Privilege Motion will be granted as to the Archstone Defendants and denied as moot as to the Tishman Defendants.

---

[1] The "Tishman Defendants" are Tishman Speyer Development Corporation, River Holding, LP, River Acquisition (MD), LP, and River Trust Acquisition (MD), LLC.

[2] The "Archstone Defendants" are Archstone-Smith Trust, Archstone-Smith Operating Trust, Archstone Smith Multifamily Series I Trust, Ernest A. Gerardi, Ruth Ann M. Gillis, Ned S. Holmes, Robert P. Kogod, James H. Polk, III, John C. Schweitzer, Jr., R. Scot Sellers, Robert H. Smith, Stephen R. Demeritt, Charles Mueller, Jr., Caroline Brower, Mark Schumacher, and Alfred G. Neely.

Familiarity with the extensive factual background and procedural history of this case is presumed.  The Privilege Motion argues that the Archstone Defendants have already produced documents containing attorney advice regarding the rights of A-1 Unitholders under the Merger (*see* ECF No. 458 at 4–7),[3] and, as a result, the Archstone Defendants have waived the attorney-client privilege as to the "Subject Matter," which Plaintiffs define as "the rights of A-1 Unitholders under the Declaration of Trust ('DOT'), as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders" (*id.* at 2).  The Privilege Motion further argues that both the Archstone Defendants and Tishman Defendants have waived the attorney-client privilege because they are asserting affirmative defenses that are, in essence, advice-of-counsel defenses.  (*Id.* at 15–16.)  Indeed, say Plaintiffs, "[i]t is inconceivable that the advice of counsel will not be relied upon to support Defendants' affirmative defenses.  Therefore, Defendants have put the advice at issue and [the] privilege has been waived."  (*Id.* at 16.)

The Tishman Defendants' Response and Plaintiffs' Reply revealed that the Tishman Defendants are withdrawing their affirmative defenses of "Good Faith" and "Transaction Permitted by Declaration of Trust," thus mooting the Privilege Motion as to them.  (*See* ECF No. 469 at 8; ECF No. 474 at 2; ECF No. 476; ECF No. 478.)

The Archstone Defendants, for their part, countered that the Privilege Motion was also moot as to them because "they have agreed that communications regarding legal advice provided by Archstone's outside counsel . . . to Archstone" regarding the

---

[3] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

Subject Matter (as Plaintiffs defined it) "shall no longer be withheld on grounds of

attorney-client privilege."  (ECF No. 470 at 2.)  The Archstone Defendants insisted,

however, that "the covered 'Subject Matter' does not include," among other things,

"protected attorney-work product."  (*Id.* at 3.)

In reply, Plaintiffs countered that the Archstone Defendants were really only

agreeing to give up a subset of what Plaintiffs seek: "communications concerning

(1) *advice* (2) *from* [outside counsel] (3) *to* a single entity, Archstone."  (ECF No. 473

at 3 (emphasis in original).)  According to Plaintiffs,

> [a] full production relating to the Subject Matter would
> include such things as inquiries to counsel from the
> Archstone Defendants, individually or as a group; actions
> taken in response to the legal advice; internal
> communications about the advice among individuals,
> including the Trustees; discussions between [outside
> counsel], the Trustees, and/or management, be they
> individually or together; discussions of the Tishman
> Defendants' desire to eliminate A-1 Units in the face of the
> fiduciary and contractual obligations of which the Board and
> management were advised; and all other materials and
> information concerning legal advice regarding duties to—and
> the rights of—A-1 Unitholders.

(*Id.*)  Thus, Plaintiffs argued that the Privilege Motion was not moot.

As to the Archstone Defendants' insistence that their proposed waiver does not

include work product, Plaintiffs stated that any ruling from this Court on that issue

"would amount to an advisory opinion" because the Privilege Motion

> is directed to a subject matter waiver of attorney-client
> privilege.  *It seeks nothing beyond that.*  There may well be
> developments in discovery which justify Plaintiffs' challenge
> to the assertion of work product . . . .  At that time, the
> parties and the Court will have the benefit of a record and
> briefs on whatever issues are in dispute.  But with no
> controversy now before the Court concerning these matters,

3

>the Court should refrain from issuing an advisory opinion or
>ruling on hypothetical scenarios that are not the subject of
>Plaintiffs' motion.

(*Id.* at 4 (emphasis added).)

The Court ordered the Archstone Defendants to file a surreply.  (ECF No. 477.)

The Archstone Defendants there confirmed that, as Plaintiffs predicted, they "intend to

assert an advice-of-counsel defense" and accordingly

>agree to waive the attorney-client privilege to the extent
>defined in Plaintiffs' opening memorandum.  Specifically, in
>connection with their advice-of-counsel defense, the
>Archstone Defendants agree to waive the attorney-client
>privilege for all documents and communications in which
>Archstone employees or Trustees received, discussed,
>reflected on, or reacted to "the advice of counsel on the
>rights of A-1 Unitholders under the Declaration of Trust
>('DOT'), as well as the contractual and fiduciary obligations
>the Archstone Defendants had with respect to A-1
>Unitholders" (defined by Plaintiffs as the "Subject Matter").
>This agreement also encompasses the examples of
>documents and communications that Plaintiffs referred to in
>their reply brief (except for an undefined, catch-all example),
>and the Archstone Defendants agree not to withhold them
>on the basis of the attorney-client privilege.

(ECF No. 479 at 2–3 (citation omitted).)  The Archstone Defendants also submitted a

proposed order embodying what they believe to be the proper scope of the discovery to

which they are subject in light of the foregoing concession.  (ECF No. 479-1 at 3.)

Plaintiffs responded with a Motion for Leave to File a Rejoinder to the Archstone

Defendants' Sur-Reply ("Rejoinder Motion").  (ECF No. 480.)  Plaintiffs argued that the

Archstone Defendants' surreply revealed "for *the first time*" that an advice-of-counsel

defense is at issue (ECF 480 at 1 (emphasis in original))—as if this was completely

unexpected, despite Plaintiffs' previous argument that Defendants' failure to assert

4

such a defense would be "inconceivable" (ECF No. 458 at 16).  Plaintiffs further argued

that the advice-of-counsel defense necessarily waives the work product protection as

well.  (ECF No. 480 at 2.)  Thus, the proposed order attached to the Archstone

Defendants' surreply "describes the types of materials . . . Plaintiffs sought (and were

entitled to) *before* learning of the Archstone Defendants' newly asserted defense," but

is now "unduly restrictive and inconsistent with their actual discovery obligations" given

that work product has allegedly become open for inspection as well.  (*Id.* at 1, 2

(emphasis in original).)

This Court denied the Rejoinder Motion (ECF No. 482).  More importantly, the

Court does not hesitate to observe that the position it asserts borders on bad faith.

Plaintiffs previously told this Court that any ruling on the work product question would

be "advisory" and that they seek "nothing beyond" materials that would otherwise be

subject to the attorney-client privilege.  (ECF No. 473 at 4.)  Plaintiffs made this

assertion under the assumption that the Archstone Defendants *must be* asserting an

advice-of-counsel defense.  (ECF No. 458 at 15–16.)  Thus, when Plaintiffs told this

Court that a work product waiver was not at issue, they must have also believed at that

time that a work product waiver was not at issue *even if* the Archstone Defendants

eventually asserted an explicit advice-of-counsel defense.

Plaintiffs agree that the Archstone Defendants' proposed order properly states

the scope of discovery for which Plaintiffs argued in the Privilege Motion.  The Court will

therefore adopt the proposed order's language in its order below.  As for work product,

the Court makes no ruling.  *If* Plaintiffs can assemble a well-supported, good faith

argument that the advice-of-counsel defense *necessarily* entails a work product waiver, Plaintiffs may bring a motion to that effect within a reasonable time.[4]  Otherwise, the Court does not expect to see any such motion unless—to use Plaintiffs' words— "developments in discovery . . . justify Plaintiffs' challenge to the assertion of work product."  (ECF No. 473 at 4.)  To be perfectly clear, the supposedly unexpected assertion of the advice-of-counsel defense is not itself a "development[] in discovery."

Accordingly, the Court ORDERS as follows:

1.    Plaintiffs' Privilege Motion (ECF No. 459) is GRANTED IN PART and DENIED IN PART;

2.    Plaintiffs' Privilege Motion is GRANTED as against the Archstone Defendants to the following extent:  In connection with asserting an advice-of-counsel defense, the Archstone Defendants have waived the attorney-client privilege with respect to all documents and communications in which Archstone employees and/or Trustees received, discussed, reflected on, or reacted to the advice of counsel on the rights of A-1 Unitholders under the Declaration of Trust, as well as the contractual and fiduciary obligations the Archstone Defendants had with respect to A-1 Unitholders; and

3.    Plaintiffs' Privilege Motion is DENIED AS MOOT as against the Tishman Defendants in light of the Tishman Defendants' choice to withdraw their affirmative defenses of "Good Faith" and "Transaction Permitted by Declaration of Trust."

---

[4] Plaintiffs' arguments in their Rejoinder Motion are insufficient to establish this sweeping proposition.

Dated this 22nd day of January, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge