IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02503-WJM-MJW

STEVEN A. STENDER, and
INFINITY CLARK STREET OPERATING, L.L.C.,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ARCHSTONE-SMITH OPERATING TRUST, et al.,

Defendants.

MINUTE ORDER

Entered By Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Compel the 2013 Defendants to Produce Documents and Corrected Discovery Requests (Docket No. 496) is DENIED for the following reasons.

The Federal Rules of Civil Procedure provide:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Plaintiffs correctly point out that the first two factors weigh in favor of enforcing the propounded discovery. The third and fourth factors are at least neutral, and might weigh in Plaintiffs' favor as well. But the final two factors weigh heavily in favor of denying this motion and, in this instance, the Court finds them to be dispositive. Plaintiffs' theory of relevance is thinly attenuated and is likely to produce only minimal benefit. Meanwhile, the process of searching for responsive documents that are neither privileged nor duplicative of the million pages already produced by other Defendants will be highly burdensome.

      If Plaintiffs can narrow their requests (for example, requesting specific documents or notes, after such documents have been identified through other means, such as by deposition testimony), such requests might be appropriate.  But the discovery requested in this motion (Docket No. 496) is highly burdensome and not proportional to the needs of the case.

Date: March 17, 2016